426 So.2d 1300 (1983)
Terrell Ray WATSON, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1522.
District Court of Appeal of Florida, Second District.
February 23, 1983.
*1301 Jerry Hill, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Charles Corces, Jr., Asst. Atty. Gen., Tampa, for appellee.
BOARDMAN, Acting Chief Judge.
Appellant Terrell Ray Watson challenges the length of his three-year sentence for conspiracy to sell cannabis. We agree that the sentence is excessive, and we therefore reverse.
Appellant was charged with conspiracy to traffic in cannabis, in violation of sections 777.04(4)(b) and 893.135(1)(a), Florida Statutes (1981), (Count I) and with trafficking in cannabis (Count II). He was tried by jury and convicted of conspiracy to sell cannabis, in violation of sections 777.04(4)(d) and 893.13(1)(a)2, a lesser included offense of the offense charged in Count I, and trafficking in cannabis as charged in Count II. The trial court adjudicated him guilty in accordance with the jury verdict. However, the written judgment incorrectly lists conspiracy to sell cannabis as a second-degree felony, and appellant was sentenced to three years for this offense.
Conspiracy to sell cannabis is only a first-degree misdemeanor, §§ 893.13(1)(a)2, 893.03(1)(c)3, 777.04(4)(d), which is punishable by imprisonment for a maximum of one year. § 775.082(4)(a). Thus the three-year sentence imposed for this offense is illegal and must be reversed despite appellant's failure to object below. Lawson v. State, 400 So.2d 1053 (Fla.2d DCA 1981); Gonzalez v. State, 392 So.2d 334 (Fla. 3d DCA 1981).
Accordingly, appellant's conspiracy sentence is vacated and the cause remanded for imposition of a legal sentence and correction of the designation of the degree of this crime on the judgment. No other error being raised by appellant or apparent to this court, the judgment and sentence on Count II are affirmed.
GRIMES and DANAHY, JJ., concur.