456 So.2d 419 (1984)
STATE of Florida, Petitioner,
v.
Charles L. BAKER, Respondent.
Charles L. BAKER, Petitioner,
v.
STATE of Florida, Respondent.
Nos. 63269, 63135.
Supreme Court of Florida.
July 12, 1984.
Rehearing Denied October 22, 1984.
Jim Smith, Atty. Gen., Shawn L. Briese and Sean Daly, Asst. Attys. Gen., Daytona Beach, and Raymond L. Marky, Asst. Atty. Gen., Tallahassee, for petitioner/respondent.
Nancy Little Hoffmann and Cathy Jackson Burris of the Law Offices of Nancy Little Hoffmann, Fort Lauderdale, for respondent/petitioner.
*420 McDONALD, Justice.
We have for review Baker v. State, 425 So.2d 36 (Fla. 5th DCA 1982), because of conflict with Borges v. State, 415 So.2d 1265 (Fla. 1982). We have jurisdiction, article V, section 3(b)(3), Florida Constitution, and approve the part of Baker dealing with opinion testimony, but quash the rest of that decision.
An indictment charged Baker with first-degree premeditated murder and use of a firearm during the commission of a felony. The jury convicted him of both counts, and the trial court sentenced him for both. On appeal the district court reversed the sentence for the firearm conviction.
Baker argued to the district court that the use of the firearm was a Brown v. State, 206 So.2d 377 (Fla. 1968), category four lesser included offense of the first-degree premeditated murder. The district court agreed with his contention and framed the question presented to it as
whether or not the language of section 775.021(4), in its reference to "lesser included offenses" is limited to necessarily included offenses or also includes a lesser offense encompassed by the charging language of the greater offense for which a defendant has been convicted and sentenced.
425 So.2d at 39 (emphasis in original). Deciding that this Court had never answered that question, the district court held that a Brown category four lesser included offense was within the meaning of "lesser included offense" as used in subsection 775.021(4), Florida Statutes (1979).[1] We disagree and hold that the statutory language refers only to necessarily lesser included offenses and that the Brown category four lesser included offense analysis, while still possibly viable for jury alternatives,[2] has nothing to do with double jeopardy. In determining whether separate convictions may flow from a single event one looks at the statutory elements of the charged crimes, as opposed to the language of the charging document. If each crime, under the respective statutes, requires an element of proof that the other does not, then one is not an included offense of the other. They are separate offenses.
In Brown this Court considered the problem of jury instructions on lesser included offenses. Writing for the Court, Justice Thornal analyzed former sections 919.14 and 919.16, Florida Statutes (1965),[3] and found those statutes suggested four categories of lesser included offenses:
(1) Crimes divisible into degrees.
(2) Attempts to commit crimes.
(3) Offenses necessarily included in the offense charged.
(4) Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence.
206 So.2d at 381 (emphasis in original).[4]
Categories one and two are self-explanatory. In category three "the lesser offense must be an essential aspect of the major offense." Id. at 382. The necessity for giving instructions on category one through three offenses is obvious. These categories of lesser included offenses implement "the nonconstitutional right of ... giving the jury an opportunity to find the accused guilty of an offense lesser in severity of punishment than that with which he was charged." Baker, 425 So.2d at 53 *421 (Cowart, J., dissenting). Jury pardons are the province of the jury, and a trial court is not permitted to invade that province. Brown.
The inclusion of category four in Brown extended this principle of law to the elements contained in the accusatory pleading. As the Court stated in Brown:
Section 919.16, [sic][5] makes provision for offenses which are necessarily included in the offense charged. It is applicable to that group of offenses which includes lesser offenses as essential elements. This suggests a further type of "lesser included" situation. This fourth category comprehends those offenses which may or may not be included in the offense charged, depending upon, (a) the accusatory pleading, and (b) the evidence at the trial. In this category, the trial judge must examine the information to determine whether it alleges all of the elements of a lesser offense, albeit such lesser offense is not an essential ingredient of the major offense alleged. If the accusation is present, then the judge must determine from the evidence whether it supports the allegation of the lesser included offense. If the allegata and probata are present then there should be a charge on the lesser offense.
206 So.2d at 383 (emphasis in original). Former section 919.16, however, concerns "any offense which is necessarily included in the offense charged."[6]
As Judge Cowart pointed out in his dissent to Baker, Brown's category four is likely derived from the single transaction rule. Subsection 775.021(4), however, abolished that rule. Borges v. State, 415 So.2d 1265 (Fla. 1982). The focus on the common elements of two or more crimes is another erroneous way of thinking in terms of the single transaction rule. "Since proof overlaps only when two crimes arise out of a single factual event (single transaction), this means that mere commonalty [sic] of some events occurring in the same factual transaction does not constitute double jeopardy." 425 So.2d at 51 n. 25.
In Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), the Supreme Court considered whether a single act could result in multiple punishments and stated:
The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.
Id. at 304, 52 S.Ct. at 182. The Court later explained the Blockburger test:
As Blockburger and other decisions applying its principle reveal, the Court's application of the test focuses on the statutory elements of the offense. If each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes.
Iannelli v. United States, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616 (1975) (citations omitted). Blockburger "means that two statutory offenses are essentially independent and distinct if each offense can possibly be committed without committing the other offense." 425 So.2d at 50 (Cowart, J., dissenting) (emphasis in original). The Blockburger test is a rule of statutory construction which "should not be controlling where, for example, there is a clear indication of contrary legislative intent." Albernaz *422 v. United States, 450 U.S. 333, 340, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275 (1981).
In Borges v. State we held that separate convictions and sentences did not violate the double jeopardy clause. We relied on Albernaz to reach the conclusion that
where the legislature has expressed its intent that separate punishments be imposed upon convictions of separate offenses arising out of one criminal episode, the Double Jeopardy Clause is no bar to such imposition.
415 So.2d at 1267. Shortly after Borges, we acknowledged the Iannelli explanation of Blockburger: "In applying the Blockburger test the courts look only to the statutory elements of each offense and not to the actual evidence to be presented at trial or the facts as alleged in a particular information." State v. Carpenter, 417 So.2d 986, 988 (Fla. 1982) (emphasis supplied). Judge Cowart echoed this in Baker:
Since the relationship between a greater offense and a permissibly lesser included offense depends only on pleading techniques and proof, and not on the law, this relationship constitutes no logical basis upon which to distinguish between offenses for the purpose of determining if they are constitutionally "the same offense."
425 So.2d at 54 (footnote omitted). Looking at the evidence and the alleged facts, however, is exactly what is required when dealing with a Brown category four lesser included offense.[7]
"Lesser included offense" in regard to jury alternatives is different from what that term means in regard to double jeopardy. The former implements the nonconstitutional right of an accused to an instruction which gives the jury an opportunity to convict of an offense with less severe punishment than the crime charged. The latter, on the other hand, involves distinguishing offenses in order to protect against multiple prosecutions for the same crime. As stated by Judge Cowart:
Attributing category four connotations to the term "lesser included offenses" in double jeopardy analysis results in an improper consideration of the severity of the punishment and the factual allegations in [the] charging document, rather than [of] the elements of the statut[ory] offense.
425 So.2d at 53. Brown category four lesser included offenses have nothing to do with double jeopardy or with this case.
Baker's indictment charged him with first-degree premeditated murder, section 782.04, Florida Statutes (1979), and with use of a firearm during the commission of a felony, section 790.07, Florida Statutes (1979). The statutory elements of first-degree premeditated murder are: (a) the unlawful (b) killing (c) of a human being (d) when perpetrated from a premeditated design to effect the death of the person killed or any human being. § 782.04(1). The statutory elements of use of a firearm during commission of a felony are: (a) while committing or attempting to commit any felony, (b) displaying, using, or threatening or attempting to use any firearm or carrying a concealed firearm. § 790.07(2). These crimes have no elements in common.
Use of a firearm during the commission of a felony is not a lesser included offense of first-degree premeditated murder, and Baker could be convicted of and sentenced for each of these crimes. The district court, therefore, erred in reversing his sentence for the firearm conviction. We hold that Bell v. State, 437 So.2d 1057 (Fla. 1983), is limited to necessarily lesser included *423 offenses and quash the part of Baker dealing with that point. We find no error in the district court's holding regarding opinion testimony and approve that paragraph of Baker.
It is so ordered.
BOYD, C.J., and ALDERMAN, EHRLICH and SHAW, JJ., concur.
ADKINS and OVERTON, JJ., dissent with an opinion.
ADKINS, Justice, dissenting.
I would follow the views expressed in Bell v. State, 394 So.2d 979 (Fla. 1981).
OVERTON, Justice, dissenting.
I dissent. If an offense is a lesser included offense for which a jury must be instructed, then it is neither reasonable nor logical to allow a defendant to be charged separately for that lesser included offense as an independent offense. In my view, the holding of the majority raises serious equal protection problems. Further, I find that the majority has clearly indulged in judicial legislation by interpreting the words "lesser included offenses" in section 775.021(4), Florida Statutes (1979), to mean "necessarily lesser included offenses."
The majority opinion has never explained how this decision and our approved table of lesser included offenses must be reconciled and applied. I am particularly concerned that there is no discussion in the opinion of how the principles adopted therein will be applied under the two consolidated categories of lesser included offenses we adopted in In re Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla. 1981). In discussing Brown v. State, 206 So.2d 377 (Fla. 1968), the majority fails to explain the proper application of the present table of lesser included offenses. The comment to the table of lesser included offenses states:
[T]he supreme court also approved the schedule of lesser included offenses and accepted the recommendation of the committee to consolidate the four Brown categories into two categories. The supreme court directed that the categories should be renumbered and designated as follows:
1. Offenses necessarily included in the offense charged, which will include some lesser degrees of offenses
2. Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence, which will include all attempts and some lesser degrees of offenses
The court also directed that the appropriate Florida Rules of Criminal Procedure be amended to accommodate these changes. The categories of the offenses which appear on the schedule of lesser included offenses have been renumbered and designated according to the supreme court mandate.
Fla. Std. Jury Instr. in Crim. Cases 257 (S.Ct.Comm. 1981).
Under the present law, if evidence is presented to justify a permissive lesser included offense, the trial judge has no choice and must instruct on the lesser included offense, the same as the trial judge has no choice and must instruct on a necessarily lesser included offense. The majority, however, is apparently approving a procedure whereby, if a defendant is charged separately with a permissive lesser included offense, then that offense can no longer be presented to the jury as a lesser included offense. The result is that the jury may find the defendant guilty of both the primary offense and the permissive lesser included offense and the defendant may be sentenced for both. However, if a defendant is not charged separately, then such a defendant would be entitled to a jury instruction on the permissive lesser included offense when the evidence justifies such a charge. In this latter situation, the defendant can be found guilty of only one offense, either the offense charged or the lesser included offense, and sentenced accordingly. In my view, this presents a clear equal protection issue because two defendants guilty of identical conduct may, because of this procedural interpretation, be treated and sentenced entirely differently.
*424 I fail to see how there can be any logical application of the present table of lesser included offenses under the rule of law the majority has adopted. It appears that we are going back to the rule that degrees of crimes are always necessarily lesser included offenses. The majority states: "If each crime, under the respective statutes, requires an element of proof that the other does not, then one is not an included offense of the other. They are separate offenses." (Emphasis added.) It appears to me that under this principle of law, all defendants could be convicted and sentenced separately for an "attempt" if the attempt is charged separately since attempts are always permissive lesser included offenses and they apparently fall within the majority's definition of separate offenses because the primary offense has an element of proof which is not required for the lesser included offense of "attempt." This is illustrated by the situation in which a defendant is charged with grand larceny and attempted grand larceny. Larceny requires the taking of property of another. Attempted grand larceny does not require a taking. Consequently, each of those crimes has an element of proof that the other does not and, under the definition, the crimes are "separate offenses subject to separate convictions and sentences." The majority opinion will raise significant questions as to how the present table of lesser included offenses should be used. This Court recently stated in Bell v. State, 437 So.2d 1057 (Fla. 1983), that "the explicit exclusion of lesser included offenses in section 775.021(4) makes clear that the legislature does not intend separate convictions and punishments for two or more statutorily defined offenses when in fact only one crime has been committed." Id. at 1058. I cannot reconcile that holding with the majority opinion in this case which does not attempt to distinguish Bell. Our decisions in this area of the law are inconsistent and confusing to say the least. I am deeply concerned that we have made a shambles out of the approved table of lesser included offenses. More important, I find the majority holding results in an equal protection violation of the fourteenth amendment to the United States Constitution and a violation of article I, section 2, of the Florida Constitution. In my view, a permissive lesser included offense which is established by the evidence is entitled to the same consideration as a necessarily lesser included offense. There is no reason or justification to hold otherwise.
NOTES
[1] § 775.021(4), Fla. Stat. (1979), provided as follows:

(4) Whoever, in the course of one criminal transaction or episode, commits an act or acts constituting a violation of two or more criminal statutes, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense, excluding lesser included offenses, committed during said criminal episode, and the sentencing judge may order the sentences to be served concurrently or consecutively.
[2] We do not address this issue in this case.
[3] Ch. 70-339, Laws of Fla., repealed these sections. Similar provisions are now located in Fla.R.Crim.P. 3.490 and 3.510.
[4] In re Use by Trial Courts of Standard Jury Instructions in Criminal Cases, 431 So.2d 594 (Fla. 1981), replaced the four Brown categories with two categories of lesser offenses.
[5] § 919.16, Fla. Stat. (1965), provided:

Conviction of attempt; conviction of included offense. Upon an indictment or information for any offense the jurors may convict the defendant of an attempt to commit such offense, if such attempt is an offense, or convict him of any offense which is necessarily included in the offense charged. The court shall charge the jury in this regard.
(Emphasis supplied.)
[6] This Court adopted former § 919.16 as Fla.R. Crim.P. 3.510 in 1972. In re Florida Rules of Criminal Procedure, 272 So.2d 65, 118 (Fla. 1972).
[7] The legislature amended § 775.021(4) in 1983 to adopt the Blockburger test. That subsection now reads:

(4) Whoever, in the course of one criminal transaction or episode, commits separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.
(Emphasis supplied.)