464 So.2d 622 (1985)
Jimmy Lee MURRAY, Appellant,
v.
STATE of Florida, Appellee.
No. 84-1874.
District Court of Appeal of Florida, Second District.
February 27, 1985.
James Marion Moorman, Public Defender, and Joel E. Grigsby, Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
We reverse defendant's convictions and sentences for possession of heroin and possession of cocaine, violations of section 893.13(1)(e), Florida Statutes (1983). His convictions and sentences for possession with intent to sell heroin and for possession with intent to sell cocaine, violations of section 893.13(1)(a), Florida Statutes (1983), are affirmed. We agree with defendant's *623 contention that the convictions for possession with intent to sell heroin and for simple possession of heroin are impermissible as separate convictions flowing from a single event. We agree also with defendant's contention that the convictions for possession with intent to sell cocaine and for simple possession of cocaine are impermissible for the same reason.
Defendant contends that all of the elements of simple possession under section 893.13(1)(e) are contained within the crime of possession with intent to sell under section 893.13(1)(a). The state, on the other hand, argues that the elements of section 893.13(1)(a) do not necessarily include the elements of section 893.13(1)(e). Section 893.13(1)(a) makes it unlawful "to sell, manufacture, or deliver, or possess with intent to sell, manufacture, or deliver." (Emphasis added.) Therefore, the state argues, the element of possession which is necessary for a violation of section 893.13(1)(e) is not necessary for a violation of section 893.13(1)(a).
The controlling test to determine whether two convictions growing out of a single criminal event are permissible is stated in Baker v. State, 456 So.2d 419, 420 (Fla. 1984).
In determining whether separate convictions may flow from a single event one looks at the statutory elements of the charged crimes, as opposed to the language of the charging document. If each crime, under the respective statutes, requires an element of proof that the other does not, then one is not an included offense of the other. They are separate offenses.
We disagree with the state's argument because, pursuant to the Baker test for determining when separate crimes exist from a single event, the crime of simple possession under section 893.13(1)(e), does not contain an element not in the other crime involved here. That is, all of the elements of the crime of possession under section 893.13(1)(e) are contained in the offense of possession with intent to sell under section 893.13(1)(a).
We recognize, as the state argues, that another portion of section 893.13(1)(a) defines the offense of sale of a controlled substance which does not necessarily require the element of possession. However, we treat section 893.13(1)(a) as defining possession with intent to sell, one of the crimes involved here, as a crime separate and apart from the remaining portions of section 893.13(1)(a) concerning manufacture, sale or delivery. See Dukes v. State, 464 So.2d 582 (Fla. 2d DCA 1985) (en banc). Accordingly, our application of the Baker test is only relative to the crimes of simple possession under section 893.13(1)(e) and possession with intent to sell under section 893.13(1)(a). See Williams v. State, 464 So.2d 624 (Fla. 2d DCA 1985).
The state also argues that there was no proof that the heroin involved was the same for the simple possession and the possession with intent to sell crimes and that the cocaine involved was the same for the simple possession and the possession with intent to sell crimes. Defendant pleaded nolo contendere to all the charges. However, defense counsel stated at a hearing on defendant's motion in arrest of judgment that the heroin and cocaine were the same for the corresponding simple possession and possession with intent to sell crimes. The state did not disagree. Also, the record shows that at one point in the proceedings the state, contrary to its present position, conceded that defendant could not be convicted for all four of the crimes. That statement seems to have been an apparent acknowledgement that the cocaine and heroin were the same controlled substances involved in both the possession and possession with intent to sell crimes.
In light of the above, we reverse the two convictions under section 893.13(1)(e), i.e., possession of heroin and possession of cocaine, the lesser degree offenses of the four convictions.
Reversed and remanded for proceedings consistent herewith.
CAMPBELL, A.C.J., and FRANK, J., concur.