CAMPBELL, Acting Chief Judge.
Appellant, Johnnie Lee Williams, appeals his conviction and sentence for possession of a controlled substance, a violation of section 893.13(l)(e), Florida Statutes (1981), and possession with intent to sell the same controlled substance, a violation of section 893.13(l)(a)(2), Florida Statutes (1981). We reverse appellant’s conviction and sentence for simple possession and affirm his conviction and sentence for possession with intent to sell.
Appellant also appeals his conviction for obstruction of justice by false information, a violation of section 843.035, Florida Statutes (1981), and loitering, a violation of a Lee County ordinance. Even though section 843.035 has been declared unconstitutional, we do not have jurisdiction to consider this issue on appeal since appellant pled guilty to the charges and did not reserve the right to appeal. See Bunnell v. State, 453 So.2d 808 (Fla.1984). We *625 therefore dismiss appellant’s appeal as to those two guilty pleas without prejudice to his right to file a motion pursuant to Florida Rule of Criminal Procedure 3.850, if appropriate.
The remaining question on appeal is whether the offense of simple possession and the offense of possession with intent to sell are separate offenses. If the two offenses are not the same, convictions for both are not prohibited. In determining whether the two offenses are separate, the test applied is whether “each crime ... requires an element of proof that the other does not_” State v. Baker, 456 So.2d 419 (Fla.1984); Tessier v. State, 462 So.2d 123 (Fla. 2d DCA 1985). See also Rodriguez v. State, 395 So.2d 555 (Fla. 2d DCA 1981). In this case, all of the elements of the simple possession offense are contained in the elements of the possession with intent to sell offense. Therefore, they are not separate offenses and convictions for both are prohibited. See Murray v. State, 464 So.2d 622 (Fla. 2d DCA 1985).
Accordingly, appellant’s conviction and sentence for possession of a controlled substance is vacated.
Appeal dismissed in part and reversed in part.
LEHAN and FRANK, JJ., concur.