501 So.2d 1291 (1986)
Patrick WELLER, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1071.
District Court of Appeal of Florida, Fourth District.
August 13, 1986.
*1292 Richard L. Jorandby, Public Defender, and Jeffrey Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for appellee.
STONE, Judge.
Defendant was charged with, and convicted of, trafficking and conspiracy to traffic in cocaine in violation of sections 893.135(1)(b)(3) and (4), Florida Statutes (1984). The primary issue on appeal involves the failure of the trial court to instruct the jury as to any lesser included offenses in the count alleging conspiracy, although the court did charge the jury fully with respect to lesser included offenses in the count involving trafficking. Both charges were based upon the same facts and events.
It is axiomatic that jury instructions are required in Florida on all lesser included offenses supported by the evidence, and where applicable, the jury is to be afforded the opportunity to find the defendant guilty of a lesser included offense, sometimes referred to as a jury "pardon". See State v. Abreau, 363 So.2d 1063 (Fla. 1978); Lomax v. State, 345 So.2d 719 (Fla. 1977); Brown v. State, 206 So.2d 377 (Fla. 1968); Wagner v. State, 356 So.2d 867 (Fla. 4th DCA 1978).
The schedule of lesser included offenses in the Florida Standard Jury Instructions does not list or discuss conspiracy. However, the failure of the Instructions to contain a provision for conspiracy does not alter the right of the defendant to the requested charge. For example, in Watson v. State, 426 So.2d 1300 (Fla. 2d DCA 1983) the defendant was charged with conspiracy to traffic and was convicted of the lesser included offense of conspiracy to sell cannabis.
Although the State argues that an instruction as to lesser included offenses should not be given because conspiracy is a separate and distinct offense from trafficking, we do not consider this distinction to be determinative of the issue.
The cases dealing with charging a jury on lesser included offenses in a conspiracy context generally have involved solely the constitutional issue of double jeopardy. See Rotenberry v. State, 468 So.2d 971 (Fla. 1985); State v. Baker, 456 So.2d 419 (Fla. 1984); Bell v. State, 437 So.2d 1057 (Fla. 1983). However, double jeopardy is not a factor in this case.
In Rotenberry v. State, the Supreme Court held that the offenses of possession and sale of cocaine were not lesser included offenses of trafficking and that therefore a conviction on these grounds did not violate constitutional principles of double jeopardy. However, this finding does not necessarily result in a determination that a crime which is not a lesser included offense for *1293 the purposes of constitutional double jeopardy considerations, may not be considered as a lesser included offense for another purpose  that of protecting the defendant's rights set forth in Brown, Abreau, and Lomax, and similar cases recognizing that juries in this state must be afforded the opportunity to consider lesser included offenses in appropriate cases.
In State v. Baker, this principle was recognized by the Florida Supreme Court in a case involving constitutional principles of double jeopardy. In discussing the applicability of Brown v. State, supra, the court emphasized:
[T]he Brown category four lesser included offense analysis, while still possibly viable for jury alternatives,2 has nothing to do with double jeopardy.
2 We do not address this issue in this case.
Id. at 420.
The Supreme Court in Baker, after recognizing that there may be a distinction to be made in the meaning of lesser included offenses in cases not involving double jeopardy, went on to quote favorably from Judge Cowart's dissent in the District Court's decision in Baker v. State, 425 So.2d 36 (Fla 5th DCA 1982):
"Lesser included offense" in regard to jury alternatives is different from what that term means in regard to double jeopardy. The former implements the nonconstitutional right of an accused to an instruction which gives the jury an opportunity to convict of an offense with less severe punishment than the crime charged. The latter, on the other hand, involves distinguishing offenses in order to protect against multiple prosecutions for the same crime. As stated by Judge Cowart:
Attributing category four connotations to the term "lesser included offenses" in double jeopardy analysis results in an improper consideration of the severity of the punishment and the factual allegations in [the] charging document, rather than [of] the elements of the statut[ory] offense.
425 So.2d at 53. Brown category four lesser included offenses have nothing to do with double jeopardy or with this case.
456 So.2d at 422.
The distinctions made in Rotenberry, supra, and the authority cited therein, with respect to lesser included offenses in the constitutional double jeopardy context, are not applicable where double jeopardy is not an issue. Therefore, we conclude that the jury, in this case, should have been offered the option of convicting defendant of a lesser included offense. We recognize that our decision may conflict with Brown v. State, 483 So.2d 743 (Fla. 5th DCA 1986). In that case Rotenberry was interpreted so as to preclude the giving of lesser included instructions. We disagree with that interpretation of Rotenberry.
The defendant also argues that the court erred in failing to instruct the jury as to entrapment on the charge of conspiracy although it did instruct the jury as to entrapment on the trafficking count. It is not clear from the record whether the court's failure to charge the jury on this defense as to the conspiracy count was intentional or accidental. In any event, the failure to do so was error where, as here, the defendant is entitled to an instruction on the theory of this defense where it is supported by evidence. Palmes v. State, 397 So.2d 648 (Fla.) cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981); Taylor v. State, 410 So.2d 1358 (Fla. 1st DCA), pet. for rev. denied, 418 So.2d 1281 (Fla. 1982). In this case, whether the evidence supported the contention of the defendant was an issue for the jury. Cruz v. State, 465 So.2d 516 (Fla. 1985), cert. denied ___ U.S. ___, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985). It should also be noted that the same facts in this case that supported the giving of the charge of entrapment as to trafficking were applicable to the charge of conspiracy.
As to the remaining issues raised, we hold that the trial court did not err in denying appellant's motion for judgment of acquittal, and that appellant has failed to *1294 show that the trial court abused its discretion in denying the motion for continuance.
We affirm the judgment and sentence of the trial court with respect to the charge of trafficking and reverse and remand for a new trial as to the conviction of conspiracy to traffic.
GLICKSTEIN and GUNTHER, JJ., concur.