ON MOTION FOR REHEARING
PER CURIAM.
When we issued our original opinion, we were concerned only with respect to the conviction for conspiracy to traffic in cannabis, which was Count II of the information. Nothing in appellant’s brief suggests any attack upon appellant’s conviction for *1056 attempted trafficking, a lesser included offense in Count I. Moreover, appellant relies primarily upon Weller v. State, 501 So.2d 1291 (Fla. 4th DCA 1986), as we expressly did in reversing the conviction.
It was our intent, in relying upon Weller, to effect what a previous panel of this court had done there; that is, not to disturb the conviction upon the count which the jury determined after proper instruction, but to reverse the conviction upon the count which the jury determined after improper instruction.
We perceived, in light of our reversal based upon Weller, that our vacating the conviction on one count rendered the other issues moot. On reflection, it would have been better to spell out what we now express — that we find appellant’s second point to be meritless; and to direct the trial court, on remand, that the sentence on Count II only is affected by our decision.
LETTS and GLICKSTEIN, JJ., and GOLDMAN, MURRAY, Associate Judge, concur.