590 So.2d 923 (1991)
STATE of Florida, Petitioner,
v.
Patrick WELLER, Respondent.
No. 69304.
Supreme Court of Florida.
November 7, 1991.
Rehearing Denied January 14, 1992.
*924 Robert A. Butterworth, Atty. Gen. and Georgina Jimenez-Orosa, Asst. Atty. Gen., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender and Jeffrey L. Anderson, Asst. Public Defender, Fifteenth Judicial Circuit, West Palm Beach, for respondent.
PER CURIAM.
We have for review Weller v. State, 501 So.2d 1291 (Fla. 4th DCA 1986), based upon express and direct conflict with Rotenberry v. State, 468 So.2d 971 (Fla. 1985), receded from on other grounds, Carawan v. State, 515 So.2d 161 (Fla. 1987), abrogation recognized, State v. Smith, 547 So.2d 613 (Fla. 1989), and Brown v. State, 483 So.2d 743 (Fla. 5th DCA 1986) ("Brown I"). We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. We approve in part and quash in part the opinion below and remand to the trial court for further proceedings.
Patrick Weller was arrested in an undercover drug investigation and charged with two offenses. First, he was accused of committing the first-degree felony of trafficking in 400 grams or more of cocaine in violation of section 893.135(1)(b)(3), Florida Statutes (1983). This offense carries a minimum mandatory sentence of fifteen calendar years and a fine of $250,000. Id. Second, he was charged with the separate first-degree felony of conspiracy to traffic in 400 grams or more of cocaine in violation of section 893.135(4), Florida Statutes (1983)  a crime that also carries a fifteen-year minimum mandatory sentence and a fine of $250,000.
At the close of the State's case, Weller moved for judgments of acquittal on both the trafficking and conspiracy counts. These motions were denied.
On the conspiracy count, Weller requested three jury instructions on the following: (1) the third-degree felony of conspiracy to deliver cocaine, see §§ 893.13(1)(a), 777.04(3), Fla. Stat. (1983); (2) the first-degree felony of conspiracy to traffic in cocaine in amounts less than 400 grams but more than 200 grams (which carries a minimum mandatory sentence of five calendar years and a fine of $100,000), see § 893.135(1)(b)(2), Fla. Stat. (1983); and (3) the first-degree felony of conspiracy to traffic in cocaine in amounts less than 200 grams but more than twenty-eight grams (which carries a minimum mandatory sentence of three calendar years and a fine of $50,000).[1]See § 893.135(1)(b)(1), Fla. Stat. (1983). Weller contended these three crimes were lesser included offenses of conspiracy to traffic in 400 or more grams of cocaine. This motion also was denied.
Finally, Weller also requested that an entrapment instruction be given as to both counts. The trial court gave the instruction only on the trafficking count, but did not do so on the conspiracy count.
The jury returned a verdict finding Weller guilty as charged on both counts. The trial court later adjudicated Weller guilty and sentenced him to two concurrent fifteen-year terms and a fine of $250,000.
*925 On appeal, the Fourth District affirmed the trial court's judgment and sentence on the trafficking charge. However, it reversed the conspiracy conviction. The district court concluded that it was error to deny the jury instructions about the possible lesser included offenses. While recognizing the seemingly contrary language of Rotenberry, 468 So.2d at 976-77, the Fourth District distinguished Rotenberry on grounds it applied only in the context of double jeopardy and not in the context of lesser included offenses. However, the Fourth District noted possible conflict with Brown I. Weller, 501 So.2d at 1293.
The court below also ordered the trial court to instruct the jury on the defense of entrapment as to the conspiracy count. It found that the same facts that supported the giving of the instruction on the trafficking charge were applicable to the conspiracy charge. Finally, the district court held that the trial court did not err in denying Weller's motion for judgment of acquittal. Id. at 1293-94.
There has been some confusion in Florida law on how to define lesser included offenses. At one time, the state recognized four separate categories of lesser included offenses, each of which required a separate analysis. Brown v. State, 206 So.2d 377 (Fla. 1968) ("Brown II"). Later, partly because of the confusion this earlier categorization had caused, the Court reduced the number of categories to two:
1. Offenses necessarily included in the offense charged, which will include some lesser degrees of offenses.
2. Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence, which will include all attempts and some lesser degrees of offenses.
In re the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 596 (Fla. 1981), modified, 431 So.2d 599 (Fla. 1981).
The opinion below fairly can be read as rejecting the principle that Category 1 offenses are defined by resort to the test established in Blockburger v. United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). See Weller, 501 So.2d at 1293. This, we think, was error.
Under the Blockburger test,
"two statutory offenses are essentially independent and distinct if each offense can possibly be committed without necessarily committing the other offense. This is just a poor way of saying that the test is an abstract test and that two statutory offenses are not `the same offense' if each statutory offense has at least one constituent element that the other does not."
Rotenberry, 468 So.2d at 976 (quoting Baker v. State, 425 So.2d 36, 50 (Fla. 5th DCA 1982) (Cowart, J., dissenting), approved in part, quashed in part, 456 So.2d 419 (Fla. 1984)). Some of our lower courts have directly relied on this test in determining whether a crime is a Category 1 lesser included offense. E.g., Brown I. Thus, these courts have found that a crime is a necessarily lesser included offense if it cannot meet the Blockburger test. In other words, an offense falls in this Category if, on the face of the statutes themselves, a defendant cannot possibly avoid committing the offense when the other crime in question is perpetrated.[2]
It is true, as the district court correctly noted, that the Blockburger test frequently has been applied to the question of multiple punishments, which itself implicates constitutional concerns about double jeopardy. See, e.g., Carawan. However, we disagree with the conclusion the district court apparently drew from this state of affairs.
Multiple-punishments law and the question of necessarily lesser included offenses *926 are separate topics that nonetheless are conjoined by one definite link: They help define each other.
If two statutory offenses are not "separate" under the Blockburger test, then the "lesser" offense is deemed to be subsumed within the greater. This is simple logic. When the commission of one offense always results in the commission of another, then the latter is an inherent component of the former. In other words, the Blockburger test by its very nature is designed to distinguish between that group of crimes that are "necessarily lesser included" offenses and that group of crimes that are not. This is an important function in multiple-punishments analysis, since only the latter group potentially can give rise to a multiple-punishments problem under Blockburger where more than one such crime arises from a single criminal act.[3]
We thus do not agree with the district court's attempt to distinguish the present case from Rotenberry. While our opinion in Rotenberry dealt with a multiple-punishments issue, it could only do so after first determining whether the crimes involved were necessarily lesser included offenses. The only possible test the Court could have used was the one derived from Blockburger. If the statutes had failed to be "separate" under Blockburger, then there would have been no need to resolve the multiple-punishments problem at all.
Thus, the fact that we later receded from the multiple-punishments analysis used in Rotenberry[4] does not impugn the analysis as to the threshold question presented in that case  whether the statutory elements of one offense necessarily subsumed the statutory elements of another. See Rotenberry, 468 So.2d at 976-77. This portion of Rotenberry remains good law. Accordingly, to the extent the district court below reached a differing conclusion, its opinion is quashed.
Turning to the facts at hand, we first note the State's argument that Weller was not entitled to a jury instruction on the offense of conspiracy to deliver cocaine. The State contends this is so because this crime is not a necessarily lesser included offense of conspiracy to traffic in cocaine, but is a separate and district offense.
It is true that an instruction on conspiracy to deliver cocaine is not automatically required as a lesser included offense of conspiracy to traffic in cocaine, because the former is not a necessarily included offense of the latter. As we stated in Rotenberry, one offense can be committed without necessarily committing the other. Rotenberry, 468 So.2d at 976.
However, this does not dispose of the issue. In the case at bar, Count II of the information indicates Weller specifically was charged with conspiracy to deliver cocaine under section 893.13(1)(a)(1):
CARLOS GIRARDO GOMEZ and PATRICK DAVID WELLER ... did then and there conspire, combine, agree or confederate with one another to commit a criminal offense, to-wit: Trafficking in Cocaine, ... in that the said Carlos Girardo Gomez and Patrick David Weller did conspire, combine, agree, or confederate to deliver Cocaine ... in an amount of four hundred (400) grams or more, ... contrary to F.S. 893.135(4), F.S. 893.135(1)(b)(3), F.S. 893.03(2)(a)(4) and F.S. 893.13(1)(a)(1).
The law requires that an instruction be given for any lesser offense all the elements of which are alleged in the accusatory pleadings and supported by the evidence adduced at trial. Wilcott v. State, 509 So.2d 261 (Fla. 1987). Since there was evidence to support the charge of conspiracy to deliver cocaine, Weller was entitled to an instruction on that charge as a Category 2 permissible lesser included offense. See Standard Jury Instructions, 543 So.2d 1205 *927 at 1241 (Fla. 1989); Standard Jury Instructions, 508 So.2d 1221 at 1234 (Fla. 1987) (delivery is permissive lesser included offense of trafficking, if delivery was charged in connection with trafficking). The trial court erred in determining otherwise.
In this review, Weller also argues that the trial court erred in refusing to instruct the jury on all three of the trafficking offenses that involve twenty-eight or more grams of cocaine. At first blush, we would be inclined to disagree, since all of these offenses are first-degree felonies. We previously have stated that offenses are not "lesser" if they carry the same penalty. State v. Carpenter, 417 So.2d 986 (Fla. 1982). Yet, we are constrained to find error here, because the three offenses in question carry different minimum penalties, despite their shared status as first-degree felonies. As noted earlier, Florida law provides for a greater mandatory minimum sentence and a greater fine, determined by the quantity of the substance involved in the offense. Compare § 893.135(1)(b) with § 893.135(4), Fla. Stat. (1983). In other words, the two offenses of conspiring to traffic in amounts less than 400 grams are necessarily lesser included offenses of the crime with which Weller was charged.
Thus, before the trial court can impose sentence on a defendant when enhancements of this type are authorized, the trial court must inform the jury that the minimum mandatory punishment for the offense is greater depending upon the quantity of the substance involved.[5] The jury then must determine from the evidence adduced at trial the quantity of contraband involved in the commission of the offense, in effect advising the court as to the appropriate minimum penalty.
Thus, the requested instructions on the amounts less than 400 grams should have been given so the appropriate minimum mandatory sentence could have been imposed, based on the jury's determination of the amount of cocaine involved. The trial court erred in determining otherwise.
Next, Weller challenges whether the evidence was sufficient to warrant a denial of his motions for judgments of acquittal. Although the testimony is conflicting, the basic facts are that Weller was approached by a confidential informant who arranged for Weller to meet with an undercover narcotics detective to transact an illegal drug sale. Weller brought his narcotics supplier, Carlos Gomez, to meet the undercover detective at a grocery store parking lot. Gomez entered into an agreement with the detective to supply a kilo of cocaine for $30,000.
Since Gomez had difficulty speaking English, Weller assisted by explaining some of the transaction to the undercover officer. After Gomez was shown $30,000 in one hundred dollar bills by the detective, he secured the kilo of cocaine and delivered it to the officer. Gomez and Weller were then arrested, along with a third person who brought the cocaine to the scene.
Upon careful consideration of the record and the briefs and arguments of counsel, we find the evidence presented by the State legally sufficient to support the trial court's denial of the motions for judgments of acquittal as to both the trafficking and conspiracy charges.
Finally, we agree with the reasoning of the district court that the trial court should have instructed the jury on the entrapment defense as to the charge of conspiracy. The same facts that supported the giving of the instruction of entrapment for trafficking are applicable to the charge of conspiracy. A defendant is entitled to an instruction as to any valid defense supported by evidence or testimony in the case. Palmes v. State, 397 So.2d 648 (Fla.), cert. denied, 454 U.S. 882, 102 S.Ct. 369, 70 L.Ed.2d 195 (1981). Whether the evidence supports the defendant's contention in such circumstances is an issue for the jury. Cruz v. State, 465 So.2d 516 *928 (Fla. 1985), cert. denied, 473 U.S. 905, 105 S.Ct. 3527, 87 L.Ed.2d 652 (1985).
For the reasons expressed above, we quash the opinion below to the extent it conflicts with this opinion. We otherwise approve the decision of the Fourth District and remand to the trial court for proceedings consistent with this decision. The result in Brown I is approved. Finally, the opinion of the Fifth District in Garrison v. State, 530 So.2d 365, 367 & 367 n. 3 (Fla. 5th DCA 1988), is disapproved to the extent it stated that Carawan had receded from Rotenberry's holding on lesser included offenses and that Carawan had overruled Brown I.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.
NOTES
[1] The statute provides in pertinent part:

Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine ... is guilty of a felony of the first degree, which felony shall be known as "trafficking in cocaine." If the quantity involved:
1. Is 28 grams or more, but less than 200 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 3 calendar years and to pay a fine of $50,000.
2. Is 200 grams or more, but less than 400 grams, such person shall be sentenced to a mandatory minimum term of imprisonment of 5 calendar years and to pay a fine of $100,000.
3. Is 400 grams or more, such person shall be sentenced to a mandatory minimum term of imprisonment of 15 calendar years and to pay a fine of $250,000.
§ 893.135(1)(b), Fla. Stat. (1983).
[2] A permissive lesser included offense differs in that it cannot be determined to fall within Category 2 unless both the statutory elements and the facts alleged in the accusatory pleadings are consulted. In other words, on the face of the statutes, the two offenses appear to be separate, but the facts alleged in the accusatory pleadings are such that the lesser offense cannot help but be perpetrated once the greater offense has been. See, In re the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 596 (Fla. 1981), modified, 431 So.2d 599 (Fla. 1981).
[3] However, even in the latter group, multiple punishments are not always permissible. In some cases, this question is decided by resort to rules of construction that have varied over time and that are not at issue in this case. See Carawan v. State, 515 So.2d 161 (Fla. 1987), abrogation recognized, State v. Smith, 547 So.2d 613 (Fla. 1989); § 775.021(4)(b)(1), Fla. Stat. (1989).
[4] Carawan, 515 So.2d at 170.
[5] The trial court below correctly gave this instruction as to the trafficking count, but refused to do so for the conspiracy count.