THOMPSON, Judge.
John Andrew Knight appeals his conviction for the crimes of aggravated assault[1] with a firearm and shooting at or into a building.[2] More precisely, Knight appeals the denial of his request that the trial judge instruct the *458 jury on the penalties for the crimes for which he was convicted. He wanted the jury to be instructed that if they determined that he used a firearm in the commission of the crimes, the trial judge was required to impose the minimum mandatory sentence of three years in the Department of Corrections.[3] The trial judge denied the request. We affirm.
Knight was involved in a traffic dispute in front of the victim’s home that escalated into a fistfight. After the fistfight, and while the victim was walking to his carport, Knight fired several rounds from his firearm. The bullets struck the victim’s home and the area near the victim in the carport. The victim recovered several spent bullets from inside his home and from his carport. Knight does not dispute these facts. He argues, however, that the jury should have been instructed on the penalties where their special finding would determine the sentence. Knight relies upon State v. Weller, 590 So.2d 923 (Fla.1991) to support his argument. We think Weller is inapplicable to cases where the jury has to determine if a firearm was used. Weller should be confined to cases involving instructions on lesser included drug offenses where the jury has to determine the weight of the drugs involved.
Weller was charged with multiple drug trafficking and conspiracy offenses. The issue in Weller was the number of lesser included offenses the court was required to instruct the jury upon and the minimum mandatory penalties as to each offense. The supreme court held that the trial judge was required to instruct the jury on all three of the drug trafficking offenses that involved 28 grams or more of cocaine, even though each offense, defined by the amount of cocaine involved, was a first-degree felony. See § 893.135(1)(b), Fla.Stat. (1989). The court held that although the three offenses were all first-degree felonies, they had different minimum mandatory sentences and different fines. The court opined:
Thus, before the trial court can impose sentence on a defendant when enhancements of this type are authorized, the trial court must inform the jury that the minimum mandatory punishment for the offense is greater depending upon the quantity of the substance involved. The jury then must determine from the evidence adduced at the trial the quantity of contraband involved in the commission of the offense, in effect advising the court as to the appropriate minimum penalty.
Weller, 590 So.2d at 927. Knight attempted to raise a similar argument at trial and on appeal. Knight argues that the finding by the jury that a firearm was used in the commission of the offenses was tantamount to an advisory finding to the trial judge that the minimum sentence to be imposed was three years, therefore, the jury should have been instructed as to the penalties in the case as the court required in Weller. We disagree.
Florida Rules of Criminal Procedure 3.390(a) mandates that the trial judge not instruct the jury on the penalties in the ease. Rule 3.390(a) provides:
The presiding judge shall charge the jury only on the law of the case at the conclusion of argument of counsel. Except in capital cases, the judge shall not instruct the jury on the sentence that may be imposed for the offense for which the accused is on trial, (emphasis supplied).
Fla.R.Crim.P. 3.390(a). This rule abrogates the legislature’s grant of discretion to the trial judge given in section 918.10(1), Florida Statutes (1991) which provides that the trial judge shall instruct the jury “on the law of the case and must include the penalty for the offense for which the accused is being charged.”
In Kocsis v. State, 467 So2d 384 (Fla. 5th DCA), review denied, 475 So.2d 695 (Fla.1985), this court held that the language in Rule 3.390(a) “shall not instruct the jury on the sentence that may be imposed ...” was mandatory and a trial judge could not in *459 struct the jury on the penalties. The Florida Supreme Court, when confronted with the request that a jury in a capital murder case be instructed on the maximum penalties to be imposed for three other offenses, addressed the application of rule 3.390(a) and reached the same conclusion. The court wrote:
This rule has been construed to mean that the jury need only be instructed as to the possible penalty when it is faced with the choice of recommending either the death penalty or life imprisonment. As to offenses in which the jury plays no role in sentencing, the jury will not be advised of the possible penalties, (emphasis added).
Nixon v. State, 572 So.2d 1336, 1345 (Fla.1990) (citing Coleman v. State, 484 So.2d 624, 628 (Fla. 1st DCA 1986)), cert. denied, 502 U.S. 854, 112 S.Ct. 164, 116 L.Ed.2d 128 (1991); see also Disinger v. State, 526 So.2d 213 (Fla. 5th DCA 1988). Moreover, we are unable to find any case since the amendment of Florida Rules of Criminal Procedure 3.390(a) in January of 1985 which holds that the trial judge may instruct the jury as to the penalty to be imposed in a case involving a firearm.
Knight argues that he has been a school teacher for 25 years, has an outstanding reputation in the community and has no blemish upon his record. He argues that the trial judge and the prosecutor were upset that the minimum mandatory three year penalty had to be imposed. He implies that his prior lack of anti-social behavior should have been a basis for instructing the jury upon the penalties in the case. This argument has been rejected by the supreme court. Recently, in a similar firearm case, the Florida Supreme Court upheld the imposition of a minimum mandatory five year sentence for an appellant with no prior record of anti-social behavior who was sentenced for possession of a short-barreled shotgun.[4] McKendry v. State, 641 So.2d 45 (Fla.1994). The supreme court would not allow the trial judge to suspend the sentence. In a special concurring opinion, Justice Overton noted the inflexibility of the statute and the harshness of the sentence, but suggested that the remedy for such sentencing horror stories was with the legislature and not the courts. Id. at 48. The same reasoning applies here. The legislature has determined that a mandatory three year sentence should be imposed in firearm cases. Only the legislature has the power to change the statute. The trial judge appropriately followed the mandate of Florida Rules of Criminal Procedure 3.390(a).
Because of the confusion or conflict raised by the decision in Weller, we certify the following question as one of great public importance:
DOES THE DECISION IN WELLER V. STATE, 590 So.2d 923 (FLA.1991) WHICH REQUIRES THE TRIAL JUDGE TO INSTRUCT THE JURY OF MINIMUM MANDATORY SENTENCES APPLY TO CASES WHERE A MINIMUM MANDATORY SENTENCE OF THREE CALENDAR YEARS MUST BE IMPOSED PURSUANT TO SECTION 775.087(2)(A), FLORIDA STATUTES (1991)?
AFFIRMED.
COBB and GOSHORN, JJ., concur.

. § 784.021(1), Fla.Stat. (1991).

. § 790.19, Fla.Stat. (1991).

. § 775.087(2)(a), Florida Statutes (1991) reads in pertinent part:
Any person who is convicted of:
1. Any ... aggravated assault ... and who had in his [or her] possession a "firearm,” ... shall be sentenced to a minimum term of imprisonment of 3 calendar years.

. § 790.221(1), Fla.Stat. (1989).