656 So.2d 947 (1995)
Desinut LIMOSE, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1374.
District Court of Appeal of Florida, Fifth District.
June 16, 1995.
James B. Gibson, Public Defender, and Kenneth Witts, Asst. Public Defender, Daytona Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Timothy D. Wilson, Asst. Atty. Gen., Daytona Beach, for appellee.
HARRIS, Chief Judge.
The issue on appeal is whether State v. Weller, 590 So.2d 923 (Fla. 1991), requires that the jury be instructed as to the actual minimum mandatory penalties involved for each of the included offenses (depending on *948 the amount of cocaine involved) for the crime of trafficking in cocaine or whether instructions on the lesser included offenses is sufficient.
Desinut Limose was charged with trafficking and conspiracy to traffic in more than 400 grams of cocaine. He requested that the jury be instructed on the specific penalty for each of the crimes charged and for the lesser included offenses. At the time of Limose's trial, the minimum mandatory penalty for each of the crimes charged was fifteen years' incarceration and a $250,000 fine. The penalty for the lesser included offense of trafficking or conspiracy to traffic in more than 200 but less than 400 grams of cocaine was five years' incarceration and a $100,000 fine. The penalty for the lesser included offense of trafficking or conspiracy to traffic in between 28 and 200 grams of cocaine was three years' incarceration and a $50,000 fine.[1]
The trial court denied Limose's request, explaining to defense counsel that, except in capital cases, the potential penalty for a crime has no place in the jury room. This is because this information would encourage sympathy, a factor the jury is not to consider. The trial court further explained that it would be misleading to tell a jury that a defendant will receive a fifteen-year minimum mandatory sentence if convicted without also informing the jury about incentive gain time, control release credits, and other ways in which a defendant's sentence may be substantially reduced.
Instead, the court treated the offenses involving lesser amounts of cocaine as lesser included offenses. Specifically the court instructed the jury that the lesser included offenses of the crime charged (trafficking and conspiracy to traffic in 400 grams or more of cocaine) were trafficking and conspiracy to traffic in 200 or more but less than 400 grams of cocaine and 28 or more but less than 200 grams of cocaine. In addition, the jurors were given a special verdict form with four options:
(1) Guilty of the crimes charged  conspiracy to traffic and trafficking in over 400 grams;
(2) Guilty of the lesser included offense  conspiracy to traffic and trafficking in more than 200 but less than 400 grams;
(3) Guilty of the lesser included offense  conspiracy to traffic and trafficking in more than 28 but less than 200 grams;
(4) Not guilty.
The jury found the defendant guilty of the crimes charged, conspiracy to traffic and trafficking in over 400 grams of cocaine.
Limose urges that Weller requires the trial court to instruct the jury on the minimum mandatory penalties for the crimes charged and for the lesser included offenses. Although certain dicta in Weller lends support to this argument, the basic holding is that instructions on the lesser included offenses are required. These instructions, in and of themselves, advise the jury that a distinction in law is recognized based on the amount of cocaine involved. We think that this is what Weller intended.[2]
Florida Rule of Criminal Procedure 3.390(a) expressly provides that juries should NOT be instructed on a defendant's potential penalties:
The presiding judge shall charge the jury only on the law of the case at the conclusion of argument of counsel. Except in capital cases, the judge shall not instruct the jury on the sentence that may be imposed for the offenses for which the accused is on trial. (emphasis added).
The rule was amended to its current form in 1984, The Florida Bar re: Amendment to Rules  Criminal Procedure, 462 So.2d 386 (Fla. 1984). However, the Criminal Procedure Rules Committee of The Florida Bar and the Conference of Circuit Judges of Florida originally requested the amendment two years earlier. The Florida Bar, In re Amendment to Rules of Criminal Procedure  3.390(a), 416 So.2d 1126 (Fla. 1982). Because the supreme court did not deem the *949 matter an emergency, it refused to amend the rule outside of the regular four-year cycle. Id. Justice Alderman dissented, maintaining that the rule should be amended immediately:
The resolution of the Executive Council of the Conference of Circuit Judges states cogent reasons for eliminating this portion of rule 3.390(a). It explains that the penalty is irrelevant to the jury's sole responsibility of determining a defendant's guilt or innocence, that the jury cannot be privy to the myriad factors which must be considered in sentencing, and that the court's advising the jury of the possible penalty is wholly inconsistent with the jury's responsibility to disregard the consequences of its verdict and tends to encourage a deplorable phenomenon which has come to be referred to as a "jury pardon."
The deplorable phenomenon referred to by the Conference of Circuit Judges is the exercise by a jury of its power to return a verdict contrary to the evidence. In criminal cases, this abuse of power is irremediable because once the jury has wrongfully acquitted a defendant, its abuse of power may not be corrected on appeal. Just as there are individuals who disregard the law, there may also be juries that disregard the law. A jury that returns a verdict contrary to the evidence based on feelings of prejudice, bias, or sympathy is an "outlaw" jury, and its verdict will be a miscarriage of justice. Rule 3.390(a), as presently written, allows juries to be informed about matters that are irrelevant to its fact-finding job and which may encourage it to render a verdict contrary to the evidence.
From this history, there can be no doubt that the supreme court amended Rule 3.390, at least in part, to minimize the potential for jury sympathy based on the defendant's possible sentence. Unless superseded by Weller, rule 3.390(a) remains in effect.
The facts of Weller are similar to those of the instant case. Weller was charged with drug trafficking and conspiracy to traffic. He requested that the jury be instructed on the lesser included offenses of each of these crimes, namely conspiracy to traffic in smaller amounts of cocaine than the 400 grams with which he was charged. The trial court denied his request to give the lesser included instructions as to the conspiracy charge because even the offenses involving a lesser amount of cocaine were also first degree felonies.[3]
The supreme court reversed, holding that even though all of the offenses included within section 893.135 were first degree felonies, a different mandatory minimum sentence and fine was required depending on the quantity of the substance involved in the offense. Therefore, the offenses for which Weller requested lesser included jury instructions were in the nature of lesser included offenses because they carried lesser minimum penalties. Based on this reasoning, the Weller court concluded that the trial court should have granted the defendant's request that the jury be instructed on the two lesser included offenses involving lesser amounts of cocaine. We agree with this holding.
Limose claims that the following language from Weller now requires that the trial court must instruct the jury on the potential penalties in cases involving minimum mandatory sentences:
Thus, before the trial court can impose sentence on a defendant when enhancements of this type are authorized, the trial court must inform the jury that the minimum mandatory punishment for the offense is greater depending upon the quantity of the substance involved. The jury then must determine from the evidence adduced at trial the quantity of contraband involved in the commission of the offense, in effect advising the court as to the appropriate minimum penalty.
Weller, 590 So.2d at 927 (emphasis added).
However, we read this language in conjunction with the other language in Weller holding that the court must give the lesser included instructions. We believe that the *950 supreme court meant that, by giving these instructions, the jury would be advised of the importance of determining the specific amount of cocaine involved and by making this determination, would in effect be setting the minimum penalty. We do not believe that the supreme court intended to require that the trial court inform the jury as to exactly what the various sentences might be.
AFFIRMED.
W. SHARP and PETERSON, JJ., concur.
NOTES
[1] Section 893.135(1)(b)1 has since been amended but the amendment does not affect this case.
[2] If the court intended instruction on the specific penalty, a departure from previous practice, we believe it would have suggested a change in Rule 3.390(a), Florida Rules of Criminal Procedure.
[3] It is not clear why the trial court granted Weller's request that the jury be given instructions on the lesser included offenses as to the trafficking count but then refused to give them for the conspiracy count.