668 So.2d 596 (1996)
John Andrew KNIGHT, Petitioner,
v.
STATE of Florida, Respondent.
No. 85654.
Supreme Court of Florida.
February 22, 1996.
*597 James B. Gibson, Public Defender and Brynn Newton, Assistant Public Defender, Daytona Beach, for Petitioner.
Robert A. Butterworth, Attorney General and Anthony J. Golden, Assistant Attorney General, Daytona Beach, for Respondent.
WELLS, Justice.
We have for review a decision passing upon the following question certified to be of great public importance:
DOES THE DECISION IN WELLER v. STATE [State v. Weller], 590 So.2d 923 (FLA.1991), WHICH REQUIRES THE TRIAL JUDGE TO INSTRUCT THE JURY ON MINIMUM MANDATORY SENTENCES, APPLY TO CASES WHERE A MINIMUM MANDATORY SENTENCE OF THREE CALENDAR YEARS MUST BE IMPOSED PURSUANT TO SECTION 775.087(2)(a), FLORIDA STATUTES (1991)?
Knight v. State, 653 So.2d 457, 459 (Fla. 5th DCA 1995). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
John Andrew Knight was charged by amended information with aggravated assault with a firearm, see § 784.021, Fla.Stat. (1991), and shooting at or into a building, see § 790.19, Fla.Stat. (1991). At the trial, Knight requested that the trial court instruct the jury that he would receive a three-year minimum mandatory sentence if the jury found that he used a firearm in the aggravated assault. See § 775.087(2)(a), Fla.Stat. (1991). However, the trial judge refused. The jury thereafter found Knight guilty of the charges, and the judge sentenced Knight to a minimum mandatory term of three years in prison for the aggravated assault with a firearm and one year of probation for shooting at or into a building.
On appeal, the Fifth District affirmed. The district court held that Florida Rule of Criminal Procedure 3.390(a) mandates that a court not instruct the jury on the sentence that may be imposed. Knight, 653 So.2d at 459. The district court also distinguished State v. Weller, 590 So.2d 923 (Fla.1991). In Weller, where a defendant was charged with a drug-trafficking offense of 400 grams or more under section 893.135(1)(b), Florida Statutes (1983), this Court held that the trial court was required to instruct the jury on the other two drug-trafficking offenses of lesser quantities of cocaine, which carried lesser mandatory sentences, because these other offenses were necessarily lesser included offenses.[1]See Weller, 590 So.2d at 927. To do this, we stated that "the trial court must inform the jury that the minimum mandatory punishment for the offense is greater depending on the quantity of the substance involved." Id. While the district court found that Weller should be confined to cases involving drug offenses for which the jury has to determine the weight of the drugs, it certified the foregoing question.
Rule 3.390(a) states: "Except in capital cases, the judge shall not instruct the jury on the sentence that may be imposed for the offense for which the accused is on trial." We have construed this rule to mean that as to offenses in which the jury plays no role in sentencing, the jury will not be advised of the possible penalties. See Nixon v. State, 572 So.2d 1336, 1345 (Fla.1990), cert. denied, 502 U.S. 854, 112 S.Ct. 164, 116 L.Ed.2d 128 *598 (1991). Consequently, the trial court properly denied Knight's requested instruction that the jury be informed of the mandatory penalties resulting from the factual determination that Knight used a firearm during the commission of the aggravated assault.
This result is not affected by our decision in Weller. Weller dealt with the requirement of instructing the jury of necessarily lesser included offenses under the drug trafficking statute. After deciding that the drug trafficking offenses of less than 400 grams of cocaine were necessarily lesser included offenses of that charge, we held:
[B]efore the trial court can impose sentence on a defendant when enhancements of this type are authorized, the trial court must inform the jury that the minimum mandatory punishment for the offense is greater depending on the quantity of the substance involved. The jury then must determine from the evidence adduced at trial the quantity of contraband involved in the commission of the offense, in effect advising the court as to the appropriate minimum penalty.
Weller, 590 So.2d at 927 (footnote omitted). The district court correctly found Weller inapplicable to the situation at bar. However, we clarify Weller and explain that Weller does not command the trial court to instruct the jury on minimum mandatory sentences. Rather, Weller only requires the trial court to instruct the jury to make a specific determination of the amount of contraband involved. Accord Limose v. State, 656 So.2d 947 (Fla. 5th DCA 1995) (finding that Weller only required a court to give the lesser included instructions which would advise the jury of the importance of determining the specific amount of cocaine involved in the setting of the minimum penalty; however, Weller did not require a court to inform the jury as to exactly what the various sentences might be). Thus, Weller simply stands for the well-established rule in Florida that trial courts must instruct juries as to any necessarily lesser included offenses.
Accordingly, we answer the certified question in the negative and clarify our holding in Weller as we have explained in this opinion. The decision of the district court is approved.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING and ANSTEAD, JJ., concur.
NOTES
[1] See § 893.135(1)(b), Fla.Stat. (1995). These two lesser included offenses are for trafficking in cocaine in quantities of 28 grams or more but less than 200 grams, and in quantities of 200 grams or more but less than 400 grams. See id. § 893.135(1)(b)1.a, 1.b.