FRANCIS X. KNUCK, Associate Judge.
The appellant was the defendant in the Criminal Court of Record. He was charged with “assault with intent to commit murder in the first degree with a firearm.” A second charge was for unlawful possession of a firearm by a convicted felon. Both charges are felonies.
The two charges were consolidated in one jury trial, and at the conclusion of the State’s case, the court reduced the charge of assault with intent to commit murder in the first degree to the felony charge of aggravated assault.
At the conclusion of the defendant’s case, the court denied his motion for a directed verdict. The jury found the defendant guilty of assault and battery, a misdemean- or, and guilty of “possession of a firearm by a convicted felon”, a felony.
The appellant contests the sufficiency of the evidence to support the felony conviction, in that only one witness testified that he saw the gun in the appellant’s hand during a fight and just before the gun was fired into the ceiling of a bar.
The appellant argues further that since the jury found the appellant guilty of assault and battery, a misdemeanor, the jury disregarded the testimony of the State’s *307 eye-witness, and that the court committed error when it did not direct a verdict, or grant a new trial, on the felony conviction.
We find that the sufficiency of one eye-witness has been answered in the case of State v. Sebastian, Fla.1965, 171 So.2d 893, 895.
In State v. Trafficante, Fla.App.1961, 136 So.2d 264, 268, the question of inconsistency is clearly resolved. In that case the court stated the rule that even though a verdict might have been the result of a compromise or a mistake on the part of the jury, that verdict cannot be upset by speculation or inquiry into such matters.
Affirmed.