BLUE, Judge.
Ronald Chapman appeals his convictions for four counts of capital sexual battery [1] and one count of handling and fondling.[2] Of the several points he raises, we agree with one. Pursuant to Florida Rule of Criminal Procedure 3.152, Chapman filed a pre-trial motion to sever the sexual battery charges from the handling and fondling charge. We agree the trial court erred by denying the motion to sever. Because Chapman admitted committing the handling and fondling offense, any error regarding this *683 count is harmless. Thus, we affirm the handling and fondling conviction and sentence but reverse the sexual battery convictions and remand for a new trial on those counts.
The sexual battery charges were based on acts involving a ten-year-old girl; the handling and fondling charge involved one act with a fourteen-year-old boy. All charges are similar only because they are sex offenses involving minor children. They are different because they involved separate episodes, committed at different locations and times, under different circumstances, with victims who differed in gender and age. In addition, the sexual battery charges involved a series of acts occurring over a seven-month period while the handling and fondling charge involved a one-time occurrence.
As in Ellis v. State, 534 So.2d 1234 (Fla. 2d DCA 1988), the trial court here erred by denying the motion for severance when the charges were so dissimilar. The trial court’s reasons for denying the motion were the difficulties in sanitizing overlapping evidence and the fact that the handling and fondling count was outnumbered by the sexual battery counts. Efficiency and economy, however, do not outweigh a defendant’s right to a fair trial on each charge. Crossley v. State, 596 So.2d 447 (Fla.1992). In addition, the prejudice results not from the number of counts charged for each offense, but rather the danger that evidence from one charge will improperly bolster the state’s case on other charges. Ellis v. State, 622 So.2d 991, 999 (Fla.1993). That danger was evident here. The state implied that Chapman admitted committing the handling and fondling offense only because he knew it was less serious. Also, evidence was admitted regarding Chapman’s wife because it was marginally relevant to that one charge. We doubt that evidence would be admissible in a separate trial of the sexual battery counts.
The state argues that any error was harmless because the evidence would be admissible in separate trials as similar fact evidence. We reject this contention because the offenses were not similar and did not “share some unique characteristic or combination of characteristics that sets them apart from other offenses.” Heuring v. State, 513 So.2d 122,124 (Fla.1987). Nor do we believe the state could establish a familial or custodial context to facilitate the admission of this evidence under the relaxed standard that applies to sexual battery offenses occurring in a familial context. See Heuring, 513 So.2d at 124-25.
As to his other points on appeal, we reject Chapman’s argument about improper closing arguments because he failed to contemporaneously object. We reject his argument about the admissibility of evidence involving his wife because he failed to renew his objection at trial after the court denied the motion in limine. Correll v. State, 523 So.2d 562 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988). Finally, we point out that the constitutionality of section 800.04, prohibiting a consent defense, has been decided contrary to Chapman’s position. Jones v. State, 640 So.2d 1084 (Fla.1994).
Affirmed in part, reversed in part, and remanded.
THREADGILL, A.C.J., and LAZZARA, J., concur.

. § 794.011(2), Fla.Stat. (1989).

. § 800.04(1), Fla.Stat. (1989).