658 So.2d 1074 (1995)
Henderson NURSE, Appellant,
v.
The STATE of Florida, Appellee.
No. 93-2027.
District Court of Appeal of Florida, Third District.
July 5, 1995.
*1075 Bennett H. Brummer, Public Defender, and Marti Rothenberg, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Michele A. Smith, Asst. Atty. Gen., for appellee.
Before BARKDULL and HUBBART and COPE, JJ.
HUBBART, Judge.
This is an appeal by the defendant Henderson Nurse from judgments of conviction and sentences for (1) attempted burglary of an unoccupied structure, a third degree felony [§§ 777.04(4)(c), 810.02(3), Fla. Stat. (1991)], as a "lesser included offense" of the charged offense of burglary of an unoccupied structure, also a third degree felony [§ 810.02(3), Fla. Stat. (1991)], (2) petit theft [§ 812.014(1), (2)(d), Fla. Stat. (1991)], and (3) resisting an officer without violence [§ 843.02, Fla. Stat. (1991)], which were entered below based on an adverse jury verdict. The central issue presented by this appeal is whether it constitutes reversible error for a trial court, as here, to instruct the jury, over proper objection, on a "lesser included offense" when, as here, (a) the lesser offense carries the same penalty as the charged offense, and (b) the jury convicts the defendant on the lesser offense. We conclude that reversible error is presented under these circumstances based on a holding that (1) all lesser included offenses  i.e. both category 1 and category 2 lesser included offenses  must carry a lesser penalty than the charged offense, else they are not proper lesser included offenses, and (2) attempted burglary of an unoccupied structure cannot be a proper lesser included offense of the charged offense of burglary of an unoccupied structure because both offenses are third-degree felonies and carry the same penalty. We accordingly reverse the attempted burglary conviction and remand for a new trial on the necessarily included offense of simple trespass [§ 810.08(1), Fla. Stat. (1991)], but affirm the petit theft and resisting arrest convictions.

I
The facts of this case are as follows. The defendant Henderson Nurse was charged in a three-count information with: (1) burglary of an unoccupied structure, (2) petit theft, and (3) resisting arrest without violence. He entered a plea of not guilty and was tried by a jury.
The evidence adduced at trial established that on March 13, 1993, the complainant's neighbor observed the defendant wandering around in the neighbor's yard without permission and placing his hands on various items in the yard. The neighbor came outside and confronted the defendant who was standing near a wood pile with some plywood in his hands; the neighbor asked the defendant what he was doing, and the defendant *1076 replied that he was "covering up" the wood. The defendant then walked into the complainant's adjoining yard, reached into the complainant's tool shed and brought out a pair of hedge clippers; then, when he noticed that the neighbor was watching, the defendant placed the clippers back in the shed and walked away. The structure from which the defendant took the hedge clippers was described as a "shed ... a little storage shed no wider than about three feet ...," not big enough to step into, only large enough to reach into; the shed had been damaged by Hurricane Andrew, had only three walls, and contained gardening equipment and tools.
After leaving the complainant's yard, the defendant went into a nearby hurricane-damaged garage, came out with a bicycle and rode off down the street. The police were summoned and later intercepted the defendant riding the bicycle in the area; when the police officers asked the defendant to come over to speak to them, the defendant rode off, tried to hide in a hedge, and then ran away until the police caught and arrested him.
At a charge conference, the state requested a jury instruction on attempted burglary of a structure as a lesser included offense of burglary of an unoccupied structure. The defendant objected to this charge solely on the ground that attempted burglary was not a lesser included offense of the burglary because both offenses were third-degree felonies and carried the same penalty. The trial court overruled the defendant's objection and gave the requested attempted burglary instruction. The jury convicted the defendant of attempted burglary, petit theft and resisting arrest without violence. The defendant appeals, claiming as error the giving of the attempted burglary instruction.

II
The law in Florida is well settled that in a criminal case there are two categories of lesser included offenses upon which a trial court is authorized to instruct the jury under the charged offense in an indictment or information: (1) a necessarily included offense, Fla.R.Crim.P. 3.510(b), and (2) a permissive included offense [including any attempt to commit the charged offense and some lesser degree offenses], Fla.R.Crim.P. 3.510, 3.490. The Florida Supreme Court has expressly so held:
"There has been some confusion in Florida law on how to define lesser included offenses. At one time, the state recognized four separate categories of lesser included offenses, each of which required a separate analysis. Brown v. State, 206 So.2d 377 (Fla. 1968) ("Brown II"). Later, partly because of the confusion this earlier categorization had caused, the Court reduced the number of categories to two:
1. Offenses necessarily included in the offense charged, which will include some lesser degrees of offenses.
2. Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence, which will include all attempts and some lesser degrees of offense.

In re the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases, 431 So.2d 594, 596 (Fla. 1981), modified, 431 So.2d 599 (Fla. 1981)."
State v. Weller, 590 So.2d 923, 925 (Fla. 1991) (emphasis added).

A
In turn, each of these two categories of lesser included offenses have certain requirements which, under existing case law, must be met before being considered proper lesser offenses. As to the first category, a necessarily included offense, Fla.R.Crim.P. 3.510(b), is by definition "an essential aspect of the major offense," one in which "the burden of proof of the major crime cannot be discharged, without proving the lesser crime as an essential link in the chain of evidence," Brown v. State, 206 So.2d 377, 382 (Fla. 1968); this means that the statutory elements of a necessarily included offense must be subsumed within the statutory elements of the charged offense. A trial judge has no discretion on whether to instruct the jury on a necessarily included offense; upon request of either party, the judge must so charge the jury once it is determined that the offense is a necessarily included offense, even if the evidence shows that this lesser offense could *1077 not have been committed without also committing the charged offense. State v. Wimberly, 498 So.2d 929 (Fla. 1986).
As to the second category, a permissive lesser included offense is, in its purest form, the same as a necessarily included offense except that it contains one or more statutory elements which the charged offense does not contain. Consequently, such an offense "may or may not be included in the offense charged, depending upon, (a) the accusatory pleading, and (b) the evidence at the trial." Brown v. State, 206 So.2d at 377, 383 (emphasis in original). If (a) the accusatory pleading alleges all the statutory elements of the lesser offense, Brown, and (b) the subject offense "is supported by the evidence," Fla. R.Crim.P. 3.510(a), aside from proof of the charged offense, so that there is, in effect, a rational basis in the evidence upon which the jury could conclude that the lesser offense, rather than the charged offense, was committed  the trial court must charge the jury on the lesser offense. Wimberly. Moreover, the trial court is expressly precluded from instructing the jury on such an offense "as to which there is no evidence," Fla.R.Crim.P. 3.510(b), aside from proof of the charged offense.
Attempts to commit the charged offense and some lesser degree crimes, as covered by Fla.R.Crim.P. 3.510(a), 3.490, are also now considered permissive lesser included offenses  although they were originally treated as two additional categories in the pathbreaking Brown decision. Weller. Subsequent to Brown, the relevant rules were changed so that now there must, in effect, be a rational basis in the evidence upon which the jury could conclude that the attempt or lesser degree offense, rather than the charged offense, was committed before the trial court can instruct the jury on such offenses. The jury may only be instructed on an attempt or lesser degree offense if such offense is "supported by the evidence," Fla.R.Crim.P. 3.510(a), 3.490, aside from proof of the charged offense; moreover, the trial court is now expressly precluded from instructing the jury (a) on an attempt "if there is no evidence to support the attempt," Fla.R.Crim.P. 3.510(a), and (b) on a lesser degree offense "as to which there is no evidence," Fla.R.Crim.P. 3.490  aside from proof of the charged offense. See generally Jones v. State, 492 So.2d 1124, 1126-29 (Fla. 3d DCA) (Hubbart, J., concurring in part, dissenting in part), rev. denied, 501 So.2d 1282 (Fla. 1986). Thus, these two types of offenses are now denominated category 2 permissive lesser included offenses because (a) the accusatory pleading charging the main offense is considered to automatically include an attempt to commit the charged offense (if such an attempt is an offense), as well as a lesser degree offense (if the main offense is divisible into degrees), and (b) the subject offenses must be charged on only when there is, in effect, a rational basis in the evidence to support a conviction for such offense to the exclusion of the main offense. Weller.

B
It is clear from existing case law, the basic underlying policy reasons for lesser included offenses, and long-standing historical practice that all lesser included offenses  category 1 necessarily included offenses and category 2 permissive lesser included offenses (including attempts and some lesser degree offenses)  must carry a lesser penalty than the charged offense, else they are not proper lesser included offenses. Although none of the lesser included offense rules contain an express provision to that effect, see Fla.R.Crim.P. 3.510, 3.490, this is nonetheless an essential element of all such lesser included offenses as a matter of judicial implication.

1
First, Florida case law strongly supports this conclusion. In Ray v. State, 403 So.2d 956 (Fla. 1981), the Florida Supreme Court held that a lewd assault on a child under fourteen, under Section 800.04, Florida Statutes (1975), was not (1) a necessarily included offense, or (2) a "pure" permissive lesser included offense under the charged offense of sexual battery on a person over the age of eleven under Section 794.011(5), Florida Statutes (1975). The Court reached this result on the basis that, inter alia, the *1078 lewd assault was "not `lesser' because both section 794.011(5) [the charged offense] and section 800.04 [the alleged lesser offense] are second-degree felonies," and that, accordingly, the defendant "was convicted of a crime [lewd assault] for which he was not charged and which was not a permissible lesser included offense of the crime for which he was charged." 403 So.2d at 959. Clearly, then, an offense cannot be a lesser included offense if, as here, it carries the same penalty as the charged offense.
In State v. Carpenter, 417 So.2d 986 (Fla. 1982), the Florida Supreme Court held that a defendant could be properly convicted and sentenced for battery on a police officer and resisting arrest with violence, and that Section 775.021(4), Florida Statutes (1979), prohibiting multiple convictions for "lesser included offenses," was inapplicable. The Court concluded that resisting arrest with violence was not a lesser included offense of battery on a police officer because, inter alia, both offenses carry the same penalty. "Whereas here two crimes carry the same penalty, section 775.021(4) does not prohibit consecutive sentencing, since one crime is not the lesser of the other." 417 So.2d at 987. Again, it was determined that an offense cannot be a lesser included offense if it carries the same penalty as the charged offense.
In State v. Weller, 590 So.2d 923 (Fla. 1991), the Florida Supreme Court restated the rule of Carpenter as follows: "We previously have stated that offenses are not `lesser' if they carry the same penalty." Id. at 927 (emphasis added). The Second District Court of Appeal has similarly stated the Carpenter rule. Kurtz v. State, 564 So.2d 519, 522 (Fla. 2d DCA 1990) ("Finally, it seems clear that neither crime is a `lesser offense' because the two carry the same penalty."), disapproved on other grounds, Novaton v. State, 634 So.2d 607 (Fla. 1994) (double jeopardy issue).[1]

2
Second, one of the basic underlying policy reasons for allowing a jury to convict on a lesser included offense is that it allows a jury, in the proper case, to exercise its "pardon" power by acquitting the defendant of the charged offense and convicting the defendant of a lesser offense. State v. Wimberly, 498 So.2d 929, 932 (Fla. 1986) ("The requirement that a trial judge must give a requested instruction on a necessarily lesser included offense is bottomed upon a recognition of the jury's right to exercise its `pardon power.'"); State v. Bruns, 429 So.2d 307, 310 (Fla. 1983); State v. Abreau, 363 So.2d 1063, 1064 (Fla. 1978). The exercise of such a "pardon" power necessarily presupposes that the lesser offense carries a lesser penalty, else a conviction on a lesser offense could hardly constitute a "pardon." In recognition of this power, the Florida Supreme Court has stated that lesser included offenses "give[] the jury an opportunity to convict of an offense with less severe punishment than the crime charged." State v. Baker, 456 So.2d 419, 422 (Fla. 1984).[2]
*1079 Another underlying policy reason for lesser included offenses  which is related to the "jury pardon" rationale  is that the procedure allows a jury, which is otherwise hung on the ultimate issue of guilt or innocence, to compromise its internal differences by finding the defendant guilty of a lesser offense. Those jurors leaning toward an outright acquittal may, accordingly, be persuaded to convict on an offense which is less serious than the charged offense; and those jurors leaning toward conviction on the charged offense may be persuaded to convict on a less serious charge rather than risk a hung jury.[3] Central to this process, however, is the implicit understanding that the lesser offense is, in fact, less serious in terms of penalty than the charged offense, else no real compromise can take place.

3
Third, lesser included offenses have historically been considered offenses which carry a lesser penalty than the charged offense. As noted in Brown v. State, 206 So.2d 377 (Fla. 1968),
"[Lesser included offenses are] as old as the common law. Indeed, Blackstone tells us that there were recognized degrees of guilt which distinguished the seriousness of offenses, and hence the punishment, even among the Gothic and Roman predecessors of the common law. Blackstone's Commentaries, Lewis ed. Vol. 2, 1587 (1898). We are similarly told that at common law, a jury may `convict of a cognate offense [sic] of the same character but of a less aggravated nature, if the words of the indictment are wide enough to cover such an offense [sic].' Halsbury's, Laws of England, 2nd ed., Vol. IX, p. 175."
Id. at 380 (emphasis added). This practice has continued to the present time as the universal understanding of the bench and bar has long been that lesser offenses carry lesser penalties, else they are not lesser offenses. Indeed, this is the first case of which we are aware wherein anyone has ever challenged this historical understanding; not surprisingly, we have not been cited to, nor has our independent research revealed, a single case in Florida or elsewhere which has ever suggested or held that a lesser included offense may carry the same penalty as the charged offense.
In view of this long-standing practice, we agree with the defendant that it gravely misleads the jury for a trial court, as here, to instruct the jury on an attempt as a lesser offense when it carries the same penalty as the charged offense. It is certainly reasonable to assume that the jury below thought it was giving the defendant a fair "break" by acquitting him on the charged burglary and convicting him on the lesser attempt charge when, in fact, it was not. This is so because (1) the uncontradicted evidence in this record clearly establishes that the defendant was guilty of a technical completed burglary, not an attempted burglary, as defined by the trial court's straight-forward jury instructions, and (2) the burglary was, arguably, not of an aggravated character as the defendant was unsuccessful in making a getaway, the burglarized structure was not damaged, and the defendant returned the property he had stolen.[4] Had the *1080 jury known that attempted burglary was really not a "lesser" in terms of penalty, it might very well have convicted the defendant of trespass, as also instructed by the trial court, because trespass does, in fact, carry a lesser penalty than the charged burglary.[5]

4
Finally, based on this authority, policy, and historical practice, it is not surprising that the Supreme Court Committee on Standard Jury Instructions (Criminal), in drafting the Schedule of Lesser Included Offenses for Florida Supreme Court approval, laid down, inter alia, the following criterion for all lesser included offenses:
"In determining the appropriate lesser offenses for inclusion in the table, the committee followed certain guidelines:
1. No offense is deemed to be a lesser offense if it carries the same penalty as the crime under consideration. See Ray v. State, 403 So.2d 956 (Fla. 1981); State v. Carpenter, 417 So.2d 986 (Fla. 1982)."
*1081 In re Std. Jury Instr. in Crim. Cases, 543 So.2d 1205, 1232 (Fla. 1989) (app. exhibit 10) (emphasis added).[6] Previously, the Florida Supreme Court had approved an earlier version of this schedule, In re Use by Trial Courts of Std. Jury Instr. in Crim. Cases, 431 So.2d 594, 597 (Fla.), modified, 431 So.2d 599 (Fla. 1981), as being "presumptively correct and complete," Ray v. State, 403 So.2d 956, 961 n. 7 (Fla. 1981), and as to the new version, a similar presumptive approval was given. In re Std. Jury Instr. in Crim. Cases, 543 So.2d at 1208.
Unfortunately, the above penalty criterion was  we think inadvertently  not followed by the Committee in one respect in drafting the schedule of lesser included offenses, namely, as to burglary of an unoccupied structure [§ 810.02(3), Fla. Stat. (1991)] under which attempt [§§ 777.04(4)(c), 810.02(3), Fla. Stat. (1991)] is listed as a category 2 lesser included offense, although both offenses are third-degree felonies and carry the same penalty. Id. at 1237. Because the penalty criterion was not followed, however, the trial court was not bound by this erroneous listing and neither is the Florida Supreme Court or this court. Such a listing is only "presumptively" correct, and, in this case, it is clearly wrong.[7]

III
In sum, then, we conclude that the trial court committed reversible error in instructing the jury, over objection, on attempted burglary of an unoccupied structure under an information charging the defendant with burglary of an unoccupied structure. Such an attempt is not a category 2 permissive lesser included offense because it carries the same penalty as the charged offense. We find no merit, however, in the defendant's remaining point on appeal.
The defendant's conviction for attempted burglary is reversed, and the cause is remanded for a new trial on the necessarily included offense of simple trespass [§ 810.08(1), Fla. Stat. (1991)]. The defendant's two misdemeanor convictions and sentences for petit theft and resisting an officer without violence are affirmed.
Affirmed in part; reversed in part and remanded.
BARKDULL, J., concurs.
COPE, Judge (dissenting).
I respectfully dissent. In my view the majority analysis is contrary to Florida Rule of Criminal Procedure 3.510(a), section *1082 777.04, Florida Statutes (1991), and State v. Bruns, 429 So.2d 307 (Fla. 1983). The conviction should be affirmed.

I.
Defendant was charged with burglary of an unoccupied structure in violation of subsection 810.02(3), Florida Statutes (1991). The structure was an unoccupied shed in the victim's back yard. At the charge conference the State requested an instruction on the offense of attempted burglary. The instruction was given over defense objection. From a conviction for attempted burglary, defendant appeals.[1]
Defendant first argues that the instruction should not have been given because in defendant's view, the only evidence proved a completed offense, not an attempt. Florida Rule of Criminal Procedure 3.510(a) provides that "[t]he judge shall not instruct the jury if there is no evidence to support the attempt and the only evidence proves a completed offense." Defendant made no such objection below, however. In fact, defense counsel commented that "the evidence may show an attempt." That being so, this point is not properly preserved for appellate review. See State v. Heathcoat, 442 So.2d 955, 956-57 (Fla. 1983); Starks v. State, 627 So.2d 1194, 1197 (Fla. 3d DCA 1993), review denied, 634 So.2d 627 (Fla. 1994).

II.
Defendant argues alternatively that the attempt instruction should not have been given because of the peculiarity under the circumstances of this case that both attempted burglary and burglary carry the same penalty.[2] Defendant contends that the attempt instruction was given as a lesser included offense; that under Ray v. State, 403 So.2d 956 (Fla. 1981), one offense cannot be a lesser offense of another if both have the same penalty; that Ray applies to attempts; and that the instruction was therefore improper. Defendant recognizes that the Schedule of Lesser Included Offenses lists attempt as a permissible charge where the main charge is burglary under subsection 810.02(3),[3] but argues that the Schedule of Lesser Included Offenses is in error on this point.[4]
Defendant further contends that the only way for the State to have proceeded against defendant on an attempt charge in this case was to have filed two separate counts: one for the completed offense of (third degree felony) burglary, and a separate count for attempted burglary. Since the only charge actually filed was for the completed offense of burglary, and since the attempt charge was given over defense objection, defendant argues that he must be discharged from the attempt conviction. Defendant's position is incorrect.

A.
Simply put, the plain words of Florida Rule of Criminal Procedure 3.510 are controlling here. The trial court was completely correct in applying the rule as written, and in following the Schedule of Lesser Included Offenses.
The question of when the trial court may instruct, and the jury convict, on an attempt charge is presently governed by Florida Rule of Criminal Procedure 3.510. It is important to observe that the rule, like the predecessor statute,[5] draws a distinction between attempts and lesser included offenses. The rule states:
Rule 3.510 Determination of Attempts and Lesser Included Offenses.
*1083 On an indictment or information on which the defendant is to be tried for any offense the jury may convict the defendant of:
(a) an attempt to commit the offense if such attempt is an offense and is supported by the evidence. The judge shall not instruct the jury if there is no evidence to support the attempt and the only evidence proves a completed offense; or
(b) any offense that as a matter of law is a necessarily included offense or a lesser included offense of the offense charged in the indictment or information and is supported by the evidence. The judge shall not instruct on any lesser included offense as to which there is no evidence.
(Emphasis added).
The rule uses the word "attempt." Attempt is a term specifically defined by the attempt statute. See § 777.04(1), Fla. Stat. (1991).[6] Under Rule 3.510(a), the trial court must ascertain "if such attempt is an offense[[7]] and is supported by the evidence." Here, attempted burglary is an offense, see § 777.04(1), (4)(e), and defendant conceded that there was evidence to support the charge. The express terms of the rule were satisfied.
The sole statutory inquiry mandated by Rule 3.510(a) is to determine whether the attempt is an offense. The rule does not authorize any inquiry into the level of penalty for the attempt. The fact that in this case the legislature has set the same penalty for attempted burglary and the completed offense of burglary is immaterial under the rule. Once it is determined that the attempt is an offense and that there is evidence to support it, the inquiry is at an end and the jury instruction is permissible.
This reading of the rules is consistent with the Schedule of Lesser Included Offenses, which the trial court followed in giving the attempt instruction in this case. "After its effective date of July 1, 1981, this schedule [of lesser included offenses] will be an authoritative compilation upon which a trial judge should be able to confidently rely." In the Matter of Use by Trial Courts of Standard Jury Instructions, 431 So.2d 594, 597 (Fla.), modified, 431 So.2d 599 (Fla. 1981). For the offense of burglary under subsection 810.02(3), the Schedule lists "attempt" as a permissible charge. Fla.Std.Jury Instr. (Crim.), at 292. The charge was proper in this case.
This view also finds support in the discussion of attempts found in Brown v. State, 206 So.2d 377 (Fla. 1968). At the time of the Brown decision in 1968, the jury's power to convict on an attempt was covered by statute. The Brown court said:
(2) ATTEMPTS. Under § 919.16, a jury is empowered to convict a defendant of an attempt to commit the offense charged in the accusatory pleading, if such an attempt is itself an offense. Attempts generally are proscribed by [the attempt statute]... .
Section 919.16, simply requires that in every case, the trial judge must determine as a matter of law whether an attempt to commit the crime charged would itself constitute an offense under Florida law. If he determines that it does, either under [the attempt statute], or under a separate statute, then he must instruct the jury on the subject of such attempt, and the jury may find guilt accordingly. In this situation *1084 it is immaterial whether the accusatory pleading charges an attempt.
Brown v. State, 206 So.2d at 380-81 (emphasis added).[8] Under Brown, the statute was to be applied as written. If the attempt was an offense, an instruction was called for. There was no inquiry into the level of penalty for the attempt. The statute construed in Brown has now become Rule 3.510  which must be applied as written.
It is also useful to consider the reasons for attempt enactments like that embodied in Rule 3.510(a). Professors Perkins and Boyce state:
It has been rather common to give express authority by statute for the conviction of an attempt to commit the offense charged, and even England has added such an enactment. Under a provision of this nature it is unimportant that the offense charged may be a felony whereas the attempt is punished as a misdemeanor. It has a further advantage. It authorizes a conviction of the attempt although the attempt is not expressly within the averments of the indictment.

... .
Much will be gained by a clear recognition of the fact that a criminal attempt is not something separate and distinct, but merely a part of the offense attempted. It is punishable but this is on the theory that it is such a large segment of the crime as to call for a penalty.
Rollin M. Perkins & Ronald N. Boyce, Criminal law 615-17 (3d ed. 1982) (emphasis added; footnotes omitted). Thus the purpose of an enactment like Rule 3.510(a) is to allow the jury to consider the separate offense of attempt, without the State having to allege attempt in addition to the completed offense.[9] The terms of Rule 3.510(a) are controlling and must be followed.

B.
Defendant argues, however, that the decision in Ray v. State, 403 So.2d 956 (Fla. 1981), precluded the giving of the attempt instruction in this case. That is not so, for Ray did not apply to attempts.
By way of background, the Brown decision announced four categories of offense which may be subsumed within the main charge in a criminal case. They are:
(1) Crimes divisible into degrees.
(2) Attempts to commit offenses.
(3) Offenses necessarily included in the offense charged.
(4) Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence.
Brown, 206 So.2d at 381 (emphasis in original).[10]
Brown's category 3 is commonly known as a necessarily lesser included offense, while category 4 is commonly referred to as a permissive lesser included offense. Brown refers to all four categories generically as "lesser included offenses," id. at 380, a phraseology which has carried over to the Schedule of Lesser Included Offenses. Fla. Std.Jury Instr. (Crim.) at 283. When used in connection with categories 3 and 4, the phrase "lesser included offense" has a technical meaning. "The ... four categories ... have distinguishing characteristics and should not be confused." Brown, 206 So.2d at 381.
Before analyzing Ray, it must be pointed out that category 3 and 4 lesser offenses are defined by case law, not by statute. In this important respect category 3 and 4 lesser offenses differ from attempts, which are defined by statute. Of interest here is category 4; Brown's case law definition of category 4 is as follows:

*1085 This fourth category comprehends those offenses which may or may not be included in the offense charged, depending upon, (a) the accusatory pleading, and (b) the evidence at the trial. In this category, the trial judge must examine the information to determine whether it alleges all of the elements of a lesser offense, albeit such lesser offense is not an essential ingredient of the major offense alleged. If the accusation is present, then the judge must determine from the evidence whether it supports the allegation of the lesser included offense. If the allegata and probata are present then there should be a charge on the lesser offense.
Id. at 383 (emphasis in original). Thus, subsequent to Brown the question in category 4 was whether the elements of the lesser crime were included in the greater crime, based on the accusatory pleadings and the evidence.
With that background, the question is how to analyze the case relied on by defendant, Ray v. State. There, the Florida Supreme Court was called on to refine the case law definition of a category 4 lesser included offense. In Ray, the defendant was charged with sexual battery, a second degree felony. 403 So.2d at 958 & n. 1. The trial court instructed the jury on lewd and lascivious act as a lesser included offense, even though that offense was also a second degree felony. 403 So.2d at 958 & n. 2.
The Ray court found that the offense of lewd and lascivious act was neither a category 3 nor a category 4 lesser included offense. In that context, the court stated, "It is also not `lesser' because both section 794.011(5) and section 800.04 are second-degree felonies." Id. at 959. Ray thus holds that a category 4 lesser included offense must have a lower penalty than the greater offense. This represents a clarification of the case law definition of category 4.
Significantly, Ray did not involve any issue regarding attempts. Unlike a category 4 lesser offense, a category 2 attempt is an offense defined by statute. Ray did not address, much less change, the definition of an attempt.[11]

C.
Defendant next argues that his position is supported by a portion of the Comment on Schedule of Lesser Included Offenses. It is, of course, illogical for defendant to seek support in the Schedule of Lesser Included Offenses because the Schedule actually authorizes the giving of the attempt instruction in this case. Fla.Std.Jury Instr. (Crim.) at 292. That point aside, defendant's reliance on the Comment to the Schedule is misplaced.
The Schedule of Lesser Included Offenses was adopted as a reference tool for trial judges. In the Matter of Use by Trial Courts of Standard Jury Instructions, 431 So.2d at 597. In the interest of simplicity Brown's four categories of lesser included offense were reduced to two:
1. Offenses necessarily included in the offense charged, which will include some lesser degrees of offenses.
2. Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence, which will include all attempts and some lesser degrees of offenses.
Fla.Std.Jury Instr. (Crim.) at 283 (emphasis added); see also 431 So.2d at 596-97. To do this, Brown categories 1 and 2 were reallocated into Brown categories 3 and 4, attempts being grouped into category 4 for purposes of the reference table. Brown categories 3 and 4 were then renumbered as 1 and 2. Fla.Std.Jury Instr. (Crim.) at 283; see 431 So.2d at 596.
This new structure allows the trial judge to determine at a glance whether the subordinate offense is one which is invariably included in the greater offense (type 1) or whether the subordinate offense is one which may or may not be included (type 2).[12] The *1086 purpose of drafting the Schedule was not to change substantive law. Indeed, at the same time it adopted the Schedule, the Florida Supreme Court also adopted the present version of Rule 3.510  which is the Rule dictating affirmance in this case. See In re Florida Rules of Criminal Procedure, 403 So.2d 979 (Fla. 1981).[13]
Defendant relies on a portion of the Comment to the Schedule of Lesser Included Offenses which states, "1. No offense is deemed to be a lesser offense if it carries the same penalty as the crime under consideration. See Ray v. State, 403 So.2d 956 (Fla. 1981); State v. Carpenter, 417 So.2d 986 (Fla. 1982)." Fla.Std.Jury Instr. (Crim.) at 284. Defendant contends that this is a statement of legal principle which applies to the attempt in this case. That is not so.
The paragraph relied on by defendant is one of six paragraphs described as "guidelines" followed by the drafting committee. Id. at 283-84. The paragraph cited by defendant is merely a reiteration of defendant's reliance on Ray, but Ray applies to completed offenses, not attempts. The same is true of the other decision cited in the Comment, Carpenter. See 417 So.2d at 987 (analyzing the completed offenses of driving under the influence and battery on a law enforcement officer).[14]
Defendant's argument on this point is also decisively refuted by State v. Bruns, 429 So.2d 307 (Fla. 1983), which was decided two years after the adoption of the Schedule of Lesser Included Offenses. Writing in an analogous context, the Bruns court said:
The state's reliance on levels of punishment ignores the discrete categories of jury instructions established in Brown v. State, 206 So.2d 377 (Fla. 1968). The Brown categories operate independently from relative punishments. Under Brown, attempts are placed in a category separate from necessarily included lesser offenses... . Brown requires an instruction on an attempt whenever an attempt is an offense under the law, without reference to the charge. "(I)t is immaterial whether the accusatory pleading specifically charges an attempt." Id. . ..
It is evident from Brown that the two categories, lesser included offenses and attempts, are not interchangeable as the state argues. It is of interest to point out that the standard jury instructions and criminal rules put into effect after this case arose maintained the separation of necessarily included offenses and attempts.

429 So.2d at 309 (citations omitted; some emphasis in original, some emphasis added).[15]Bruns makes clear that the giving of an attempt instruction continues to be controlled by Rule 3.510(a).

D.
Defendant next argues:
The purpose for instructing the jury on lesser offenses is to enable the jury to "pardon" the defendant and convict him of a less serious offense, but one still supported by the evidence. Less serious means less punishment for the offense and not merely the name of the offense or the statute number. Obviously, a "lesser" offense that is lesser in name or statute number only, or even lesser in terms of elements, is not "lesser" for the defendant being punished for its transgression. It is only the amount of punishment that is *1087 important and the amount of punishment is directly related to the degree of the offense.
Supplemental Brief at 9 (citation omitted).[16]
Defendant's contention is belied by the express terms of Standard Jury Instruction 2.02(a), which (as given in this case) states:
In considering the evidence, you should consider the possibility that although the evidence may not convince you that the defendant committed the main crime of which he is accused, there may be evidence that he completed other acts that would constitute a lesser included crime.
Therefore, if you decide that the main accusation has not been proved beyond a reasonable doubt, you will next need to decide if the defendant is guilty of any lesser included crime.

The lesser included crime indicated in the definition of burglary unoccupied are trespass unoccupied or ... attempted burglary.
(Emphasis added).
Thus, Standard Jury Instruction 2.02(a) sets forth for the jury the rationale for giving an instruction on a "lesser included crime[] or attempt[]," id., namely, to allow the jury to consider other crimes where the jury decides that the main charge has not been proven beyond a reasonable doubt.[17] While Florida law recognizes that the jury has a pardon power,[18] that is certainly not the exclusive reason for the giving of a charge on attempt or a lesser offense. Indeed, the existence of jury pardon power does not entitle the defendant to a jury charge on any offense as to which there is no evidence.[19]Wilson v. State, 622 So.2d 31, 36-37 (Fla. 1st DCA 1993), approved, 635 So.2d 16, 17 (Fla. 1994). The case law on jury pardon does not undo the explicit terms of Rule 3.510.

E.
Defendant suggests that the jury in this case may have been misled by the giving of the attempt instruction as a lesser included offense. This point was never raised below.
As already stated, the trial court in this case gave Standard Jury Instruction (Criminal) 2.02(a). The instruction informed the jurors that they should consider lesser included crimes if they were not satisfied that the main crime had been proven beyond a reasonable doubt. Defendant now suggests that the jurors could have understood "lesser included" to mean "lesser penalty" instead of "included within." From that premise defendant speculates that the jury intended to give him a jury pardon by convicting him of attempt, and that the jury must have had in *1088 mind that a lower penalty existed for attempt than the main offense.[20]
If defendant had raised the point below, he may have been entitled to have Standard Instruction 2.02(a) amended to delete the word "lesser" from the phrase "lesser included crime" so as to avert any theoretical possibility that the jury may be misled as to the penalty. This issue was never asserted below and is not properly before us. "The failure to object is a strong indication that, at the time and under the circumstances, the defendant did not regard the alleged fundamental error as harmful or prejudicial." Ray v. State, 403 So.2d at 960.

F.
The majority suggests that there is no principled reason for distinguishing attempts from permissive lesser included offenses. Majority opinion at 1081 n. 7. That criticism is misplaced.
The reason to distinguish attempts from permissive lesser included offenses is simple: Rule 3.510 itself treats attempts differently. Attempts are governed by Rule 3.510(a), while lesser included offenses are governed by Rule 3.510(b).
Under Rule 3.510(a), an instruction on attempt is proper "if such attempt is an offense and is supported by the evidence." Fla. R.Crim.P. 3.510(a). When Rule 3.510(a) uses the word "attempt," it means attempt as defined in section 777.04, Florida Statutes. The definition of "attempt" is statutory, not derived from case law. Thus, applying the rule as written, the required inquiry is to find out if the attempt is an offense (which it is in this case), and if it is supported by the evidence (which point the defendant conceded in this case). If those elements are satisfied, the instruction is given.
The majority focuses instead on a different subdivision, Rule 3.510(b). That is the subdivision which covers necessarily lesser included offenses and permissive lesser included offenses.
What is different about Rule 3.510(b)? Rule 3.510(b) uses the terms "necessarily included offense" and "lesser included offense of the offense charged." Neither of these terms has a statutory definition. Consequently, the terms used in Rule 3.510(b) have had to be defined by case law. The case law definition of a permissive lesser included offense for purposes of Rule 3.510(b) includes the requirement in Ray v. State that a permissive lesser included offense must carry a lower penalty. 403 So.2d at 959. The case law definition of a permissive lesser included offense is necessary for Rule 3.510(b) precisely because there is no statutory definition.
In sum, the reason for treating attempts differently is that Rule 3.510(a) itself treats attempts differently. The majority errs by taking case law applicable to Rule 3.510(b) and applying it to Rule 3.510(a).

III.
The trial court in this case followed the plain words of Rule 3.510(a) and the Schedule of Lesser Included Offenses. The conviction should be affirmed.[21]
NOTES
[1] State v. Bruns, 429 So.2d 307 (Fla. 1983), relied on by the state, does not announce a contrary rule. In that case, the Court held that an attempt is different from other lesser included offenses solely for purposes of the Abreau harmless error rule. The Court never states or suggests in its opinion that an attempt may be a proper lesser offense, even if it carries the same penalty as the charged offense, as the issue was never before the Court.
[2] We recognize that Fla.Stand.Jury Instr. (Crim.) 2.02(a) authorizes the jury to consider a lesser included offense only if it decides that the charged offense has not been proved beyond a reasonable doubt, which, as the dissent correctly points out, seems to preclude a "jury pardon"; indeed, nowhere in the standard jury instructions is the jury ever instructed that it has the power of a "pardon." However, our law has always been somewhat schizophrenic on this point because in the jury's de facto power to find a defendant guilty of a lesser included offense, Florida law has always recognized that the jury, in fact, has a pardon power. This is so because we routinely accept  and do not set aside based on misconduct  a verdict where the jury has, in effect, ignored this instruction and found the defendant guilty of a lesser included offense, although it may be convinced based on highly persuasive evidence [and, indeed, such evidence may be uncontradicted] that the charged offense was, in fact, committed; we call such a verdict a "jury pardon" and do not disturb it. This long-standing practice may not be intellectually satisfying to legal purists, but, on the other hand, it allows juries to do substantial justice in extenuating circumstances, something which our law has always prized.
[3] See State v. Ferreira, 8 Haw. App. 1, 791 P.2d 407, cert. denied, 71 Haw. 668, 833 P.2d 901 (1990); State v. Thomas, 40 Ohio St.3d 213, 533 N.E.2d 286 (1988), cert. denied, 493 U.S. 826, 110 S.Ct. 89, 107 L.Ed.2d 54 (1989); State v. Ogden, 35 Or. App. 91, 580 P.2d 1049 (1978); see also State v. Sawyer, 227 Conn. 566, 630 A.2d 1064, 1074 (1993) (Katz, J., dissenting and authorities cited therein); Harrell v. State, 194 So.2d 306 (Fla. 3d DCA 1967) (no inquiry into jury deliberations even where verdict might have resulted from compromise); State v. Marhal, 172 Wis.2d 491, 493 N.W.2d 758, 763 (1992) (same), rev. denied, ___ Wis.2d ___, 497 N.W.2d 131 (1993).
[4] The testimony adduced below establishes that the defendant trespassed into the complainant's backyard, unlawfully reached into the complainant's hurricane-damaged tool shed, and took out some hedge clippers with the obvious intent of stealing same; it was only after the defendant noticed that a neighbor was watching, that he put the clippers back in the shed. There was no evidence that the defendant tried, but was unsuccessful in reaching into the tool shed; he, in fact, did enter the tool shed with his hand with larcenous intent which amounts to a completed burglarious entry of an unoccupied structure. § 810.02(3), Fla. Stat. (1991). It is well settled that the insertion of any part of the defendant's body into a protected structure with larcenous intent, as here, is a completed burglary. See, e.g., State v. Spearman, 366 So.2d 775 (Fla. 2d DCA 1978). The mere fact that the defendant replaced the clippers when caught red-handed does not change this result. More to the point, however, this scenario cannot possibly amount to an attempted burglary under any view of the evidence; the defendant did not, as required by the attempt statute, "attempt[] to commit an offense prohibited by law [i.e. a burglary] and in such attempt [did] an[] act toward the commission of such offense, but fail[ed] in the perpetration or [was] intercepted or prevented in the execution of the same...." § 777.04(1), Fla. Stat. (1991) (emphasis added). The defendant was only thwarted in his effort to escape, not in his effort to commit a burglary which, in fact, he committed.

As an aside, this failure of proof on the lesser offense of attempted burglary is another reason why the jury instruction on attempted burglary should not have been given by the trial court. Fla.R.Crim.P. 3.510(a) expressly provides that the "[t]he judge shall not instruct the jury [on an attempt to commit the charged offense] if there is no evidence to support the attempt and the only evidence proves a completed offense." We agree with the state, however, that this point was not properly preserved for appellate review because the defense counsel did not object in the trial court to a jury charge on attempt based on this ground. Moreover, it cannot be a fundamental error because this court has held  over a strong dissent, see also Howard v. State, 538 So.2d 980 (Fla. 3d DCA 1989) (Schwartz, J. concurring)  that even where the defendant properly objects to a jury instruction on an attempt to commit the charged offense of burglary on the ground that there is no evidence to support such an attempt and the only evidence shows a completed burglary, the error in giving the instruction is not reversible if, as here, the jury convicts on the attempt offense and there is sufficient evidence to support a conviction on the completed burglary. Jones v. State, 492 So.2d 1124 (Fla. 3d DCA), rev. denied, 501 So.2d 1282 (Fla. 1986). Obviously, if the error is not reversible when the point is preserved for appellate review as in Jones, it cannot be reversible if the error is not preserved for appellate review as here.
[5] The dissent misperceives the real world when it dismisses all this as speculation and assumes that a jury does not consider a "lesser" offense as lesser in terms of penalty in deciding whether to convict a defendant on a lesser offense; obviously, this is a crucial factor when, as here, the jury exercises its pardon power and finds the defendant guilty of a lesser offense. Nor is it any answer, as the dissent suggests, for the defendant to object to the word "lesser" in the standard jury instruction on lesser included offenses; "lesser" is a perfectly proper term in this jury instruction because an attempt to commit the charged offense is, in fact, a lesser included offense. Weller; see Caulder v. State, 500 So.2d 1362 (Fla. 5th DCA 1986), rev. denied, 511 So.2d 297 (Fla. 1987), cert. denied, 484 U.S. 1068, 108 S.Ct. 1033, 98 L.Ed.2d 997 (1988); Budd v. State, 477 So.2d 52 (Fla. 2d DCA 1985); Bufford v. State, 473 So.2d 795 (Fla. 5th DCA 1985); Silvestri v. State, 332 So.2d 351 (Fla. 4th DCA), approved, 340 So.2d 928 (Fla. 1976).

We do, however, agree with the dissent's alternative argument that the jury, in all likelihood, did not consider the instant offense to be an aggravated-type burglary and this factor undoubtedly played an important role in the jury's decision to convict the defendant on the "lesser" offense of attempted burglary; such a consideration, nonetheless, is part and parcel of the normal "pardon power" reasoning process in which lay juries typically engage when trying to reach substantial justice in a given case, notwithstanding the defendant's technical commission, as here, of the charged offense under the trial court's jury instructions. Perhaps, as the dissent suggests, some or all the jurors may have misunderstood these instructions, but this is also part of the "jury pardon" process, as lay jurors at times give their own gloss to jury instructions in the context of a given case in an effort, as here, to give a fair "break" to the defendant. We agree that this process is perhaps a bit messy and is certainly not subject to mathematical precision after the fact, but experienced jury observers, including judges and lawyers who have spent a lifetime in and around the criminal courts, have long accepted the jury "pardon power" process as a living reality in our law which achieves substantial justice and is well worth preserving. In short, our analysis of the jury's reasoning process in this case as an aborted "jury pardon" is entirely reasonable based on this record.
[6] Contrary to the dissent's analysis, this criterion is not limited to completed offenses as there is no such limiting language stated therein; the citation to the Ray and Carpenter cases was obviously meant as illustrative of this criterion, not as somehow excluding attempts as the dissent concludes.
[7] The dissent concludes, based on its reading of Ray v. State, 403 So.2d 956 (Fla. 1981), that a category 2 "pure" permissive lesser offense requires, as the established law and practice dictates, that the offense carry a lesser penalty than the charged offense, 658 So.2d 1084, 1085, but that, contrary to the above analysis, this requirement is not applicable to a category 2 attempt lesser offense. An attempt lesser offense, according to the dissent, stands in a special category apart from all other lesser offenses and is therefore exempt from the lesser penalty requirement applicable to all other lesser offenses. We cannot agree. There is no principled reason to carve out such an exception for this one type of category 2 permissive lesser offense when, as here, the law, policy, and historical practice has always been to treat uniformly all lesser included offenses as lesser penalty offenses. Moreover, the fact that Fla.R.Crim.P. 3.510(b) does not expressly provide that an attempt lesser offense must carry a lesser penalty than the main offense  the centerpiece of the dissent's effort to justify such an exception  is of no moment because this requirement is read into the rule as a matter of judicial implication; contrary to the dissent's contention throughout its analysis, an "attempt" under Fla.R.Crim.P. 3.510(b) is not exclusively defined by the attempt statute [§ 777.04, Fla. Stat. (1991)], but may also, in our view, be supplemented by caselaw for lesser included offense purposes. Indeed, none of the lesser included offense rules, Fla.R.Crim.P. 3.510, 3.490, contain an express penalty requirement; yet, as the dissent agrees, a penalty requirement is read into the rule as a matter of judicial implication for a category 2 "pure" permissive lesser offense, and apparently all other lesser offenses as well. The dissent gives no principled reason why the same result does not obtain with respect to an attempt lesser offense  only a flawed technical reason which leads to a result that, we think, makes little sense as it is contrary to the thrust of the existing caselaw, the basic underlying policy reasons for lesser included offenses, and long-standing historical practice.
[1] Defendant was also convicted of petit theft and resisting an officer without violence. He does not challenge those convictions.
[2] The defendant was charged with the residual offense of burglary of an unoccupied structure which (under the circumstances present here) is a third degree felony. § 810.02(3), Fla. Stat. (1991). Under the attempt statute, "[i]f the offense attempted ... is a burglary that is a felony of the third degree, the person convicted is guilty of a felony of the third degree." § 777.04(4)(c), Fla. Stat. (1991) (citation omitted).
[3] Fla.Std.Jury Instr. (Crim.), at 292.
[4] Defendant asserts that the only proper lesser included offense in this case was trespass, because that offense carries a lesser penalty.
[5] See Brown v. State, 206 So.2d 377, 380 (Fla. 1968).
[6] The statute provides in part:

Whoever attempts to commit an offense prohibited by law and in such attempt does any act toward the commission of such an offense, but fails in the perpetration or is intercepted or prevented in the execution of the same, commits the offense of criminal attempt and shall, when no express provision is made by law for the punishment of such attempt, be punished as provided in subsection (4).
Id.
In a few instances attempt is defined as part of the substantive crime. Brown v. State, 206 So.2d at 381. The best-known current example is the theft statute. See § 812.014(1), Fla. Stat. (1991); State v. Sykes, 434 So.2d 325, 327 (Fla. 1983) (theft "is fully proved when an attempt, along with the requisite intent, is established.").
As a general rule, however, the attempt statute, § 777.04, is the applicable enactment. That is true in the present case.
[7] This inquiry is necessary because some offenses do not have attempts. See State v. Thomas, 362 So.2d 1348, 1350 (Fla. 1978) ("[T]here is no such crime as `attempted' possession of burglary tools in this state[.]").
[8] At the time of Brown, the general attempt statute was section 776.04, Florida Statutes (1967). It is now section 777.04. See Ch. 74-383, § 12, Laws of Fla.
[9] The existence of Rule 3.510(a) puts the defendant on notice that this is a possibility.
[10] As is true of attempts, see supra part IIA, each of Brown's four categories is deemed to be "included" in the main charge. By virtue of what are now Rules 3.510 and 3.490, the jury may convict on the included crime even though the included crime is not the subject of a separate count in the information or indictment. At the time of Brown, the subject matter of present-day Rules 3.510 and 3.490 was covered by statute.
[11] Indeed, the Ray court called attention to the (at that time) just-issued Schedule of Lesser Included Offenses, id. at 961 n. 7; that Schedule supports the trial court ruling in this case.
[12] For necessarily lesser included offenses (new type 1) an instruction must always be given, State v. Wimberly, 498 So.2d 929, 932 (Fla. 1986), unless waived, Jones v. State, 484 So.2d 577 (Fla. 1986); cf. State v. Barritt, 531 So.2d 338, 339 (Fla. 1988) (special rules apply to determination of which necessarily lesser included offenses must be instructed on in homicide cases). For new type 2 the giving of the instruction will depend, inter alia, on whether there is evidence to support it. See Fla.R.Crim.P. 3.490, 3.510.
[13] The Rule was editorially amended in 1992. In re Amendments to Florida Rules of Criminal Procedure, 606 So.2d 227, 318 (Fla. 1992).
[14] The majority also relies on State v. Weller, 590 So.2d 923 (Fla. 1991), for this proposition. However, that case similarly dealt with the completed offenses of conspiracy and trafficking in cocaine and did not address the issue of an attempt.
[15] It is certainly true that "attempts are to be treated as [new] category two lesser included offenses." Wilson v. State, 635 So.2d 16, 17 (Fla. 1994). "Treated as," however, is not the same as "identical to." Attempts are properly classified in new category two because a new category two instruction may or may not be given depending on whether there is evidence to support it. In that respect attempt is similar to a Brown category 4 lesser offense.
[16] "Jury pardon" is most commonly referred to as a situation in which the jury is satisfied that the main charge has been proven beyond a reasonable doubt, but decides to "pardon" the defendant by convicting on a lesser offense. See Jess v. State, 523 So.2d 1268, 1269 (Fla. 5th DCA 1988). See generally Lages v. State, 640 So.2d 151, 152 (Fla. 2d DCA 1994) (Altenbernd, J., concurring); Beckwith v. State, 386 So.2d 836, 842 (Fla. 1st DCA), review denied, 392 So.2d 1379 (Fla. 1980).

An example is set forth in State v. Wimberly, 498 So.2d 929 (Fla. 1986), where defendant was charged with battery on a law enforcement officer, and there was no dispute that the victim was a law enforcement officer. Id. at 930. An instruction was required on the necessarily lesser included offense (Brown category 3) of simple battery, to afford an opportunity for a jury pardon. Id. at 932; see also State v. Bruns, 429 So.2d at 310 (failure to instruct on necessarily lesser included offense one step removed is not harmless error because it eliminates opportunity for jury pardon; attempt is not a "step" nor a necessarily lesser included offense where main charge is a completed offense); State v. Abreau, 363 So.2d 1063, 1064 (Fla. 1978) (no harmless error where court fails to instruct on lesser included offense one step removed).
[17] For example, in a first degree murder case where the evidence of premeditation is in dispute, if the jury finds that premeditation has not been established beyond a reasonable doubt it will proceed to consider lesser homicide offenses. This is a matter of following Instruction 2.02(a), not jury pardon.

If the jury followed its instructions, such a process occurred in the present case.
[18] This is a power on which the jury is not instructed. See Keenan v. State, 379 So.2d 147, 148 n. 5 (Fla. 4th DCA 1980).
[19] If the sole reason for giving a charge on a lesser offense or attempt were to afford an opportunity for a jury pardon, then any arbitrary list of charges would do, whether or not supported by the evidence.
[20] There was, of course, no jury instruction on the penalty attached to any of these offenses, see Fla.R.Crim.P. 3.390(a), nor was the jury instructed on any "pardon power." See supra note 18.
[21] At bottom, the majority rests its decision in this case on the speculation that in this case the lay jury decided to give the defendant a "break." Majority opinion at 1079. In the majority's view, the jury first concluded that the defendant was guilty of the completed offense of burglary, and next decided to give the defendant a "break" by convicting him of attempted burglary. This case should not be resolved by speculation. If we are to speculate, however, my speculation is quite different.

In this case the defendant reached into an unoccupied shed and picked up some hedge clippers. When defendant noticed that he was being watched, defendant put the hedge clippers back into the shed. Consequently, defendant emerged from this venture into the shed empty-handed.
To a lay person, a burglar is an individual who enters a house and emerges with a sack of loot. If a burglar enters a house and emerges empty-handed, many lay persons will have difficulty with the idea that the burglar has committed a completed offense, as opposed to an attempt. Here, the evidence showed that the defendant picked up the object from the shed and then put it back down. Since the jury is instructed that it should not convict if in doubt about the defendant's guilt, it should come as no particular surprise here that the jury felt confident the defendant had committed an attempt, but was very dubious that these facts made out the completed offense of burglary of the tool shed.
All of this speculation is immaterial. The question is whether the trial court correctly followed Rule 3.510(a) and the Schedule of Lesser Included Offenses. In my view, the trial court properly applied the law.