RYDER, Acting Chief Judge.
This is Ronald Chapman’s second appearance before this court. We reversed his original convictions for sexual battery in Chapman v. State, 639 So.2d 682 (Fla. 2d DCA 1994), and remanded for a new trial. He now challenges his four convictions for attempted capital sexual battery and the sentences imposed after retrial, and raises three issues for our consideration. We find no error in the lower court’s decision to allow Mr. Chapman to represent himself. We, therefore, affirm on that point without discussion. Mr. Chapman also contends that the court erred in instructing the jury on the offense of attempted capital sexual battery when the evidence showed only a completed crime. He did not object to the instruction, and has waived that issue for appellate review. Nurse v. State, 658 So.2d 1074, 1079-1080, n. 4 (Fla. 3d DCA 1995), review denied, 667 So.2d 775 (Fla.1996).
We do, however, agree that the lower court erred in sentencing Mr. Chapman. It found he qualified as a habitual violent felony offender under section 775.084(4)(b), Florida Statutes (1991), and imposed a life sentence with a minimum mandatory term of fifteen years’ imprisonment for each of the four convictions, to run consecutively. The four charges were based on crimes that took place in two separate incidents. Each incident involved two types of sexual activity. In the first, the victim testified that, after a card game, Chapman took her into his bedroom. He performed oral sex on her and then she performed oral sex on him. These allegations formed the basis of counts I and II. In the second incident, which formed the basis for counts III and V, the victim testified that Chapman performed oral and anal sexual acts with her one afternoon.
The evidence at trial showed two continuing criminal episodes. When a court enhances a sentence under the habitual offender statute, it may not further enhance the penalty by ordering that the individual sentences be served consecutively, if the violations occurred during a single criminal episode. Hale v. State, 630 So.2d 521 (Fla.1993), cert. denied, — U.S.-, 115 S.Ct. 278, 130 L.Ed.2d 195 (1994); Dietrich v. State, 635 So.2d 148 (Fla. 2d DCA 1994). The crimes in counts I and II were committed in one criminal episode, as were the crimes in counts III and V. As such, the sentences for counts I and II may not run consecutively to each other, nor may the sentences for counts III and V. We, therefore, reverse Chapman’s sentences, and remand to the lower court to impose concurrent terms for counts I and II and for counts III and V. On remand, the court may order the sentences for counts I and II to run consecutively to the sentences for counts III and V, because the four crimes took place in two separate criminal episodes.[1]
*48 Convictions affirmed, sentences reversed and remanded for proceedings consistent with this opinion.
DANAHY and PATTERSON, JJ., concur.

. We need not address Mr. Chapman’s argument that he was sentenced more harshly at his second trial than at his first. After his first trial, the court sentenced him to minimum mandatory *48 terms totalling fifty years. Pursuant to this opinion, on remand, the trial court may impose minimum mandatory terms of no more than thirty years.