MICKLE, Judge.
Scotty Alan Ladd appeals from his conviction and sentence for attempted interference with custody. He contends that the state failed to present sufficient evidence to support his conviction and that the trial court erred when it instructed the jury on the offense of attempted interference with custody as a lesser offense of the crime charged. We find no error in the trial court’s denial of appellant’s motion for a judgment of acquittal. However, we find it necessary to reverse the conviction and sentence on the second point raised by appellant.
Appellant was charged with one count of interference with custody. At the prosecutor’s request, and over defense counsel’s objection, the trial judge instructed the jury on the offense of attempted interference with custody. The verdict form provided the jury with three options: (1) guilty of interference with custody, as charged; (2) guilty of attempted interference with custody, a lesser offense; or (3) not guilty. The jury returned a verdict of guilty of attempted interference with custody.
On the authority of Nurse v. State, 658 So.2d 1074 (Fla. 3d DCA 1995), review denied, 667 So.2d 775 (Fla.1996), receded from on other grounds, Jones v. State, 666 So.2d 960 (Fla. 3d DCA 1996), we are constrained to conclude that it was reversible error to instruct the jury on the offense of attempted interference with custody. As illustrated in Nurse, an attempt of a charged offense cannot be a proper lesser included offense of the charged offense where both offenses carry the same penalty. The court therein reversed a conviction for attempted burglary of an unoccupied structure upon a holding that attempt could not be considered a lesser included offense to the charged offense of burglary of an unoccupied structure, both offenses being third-degree felonies and carrying the same penalty. See also, State v. Carpenter, 417 So.2d 986 (Fla.1982)(stating that offenses are not “lesser” if they carry the same penalty). Interference with custody is a third-degree felony. § 787.03(1), Fla. Stat. (1995). Section 777.04(d) provides that if the offense attempted is a third-degree felony, ranked in level 3 through 10 of section 921.0012, the offense of criminal attempt is also a third-degree felony. Interference with custody is a level-4 offense under section 921.0012(3). As such, the crime of attempted interference with custody is a third-degree felony and cannot be considered a lesser offense of the crime charged.
The conviction for attempted interference with custody is reversed and this cause is remanded to the trial court with instructions to discharge appellant.[1]
REVERSED AND REMANDED.
LAWRENCE and DAVIS, JJ., concur.

. In light of our disposition herein, we need not address the issue of whether the evidence supported an attempt instruction.