UPON REMAND FROM THE SUPREME COURT

PER CURIAM.
Pursuant to the Florida Supreme Court’s mandate in Carrin v. State, 978 So.2d 115 (Fla.2008), which quashed our opinion in Carrin v. State, 875 So.2d 719 (Fla. 1st DCA 2004), we now issue this opinion reversing Appellant’s conviction for aggravated assault on a law enforcement officer and remanding for a new trial on the lesser charge of culpable negligence.
Appellant was charged with, inter alia, the attempted second-degree murder of a law enforcement officer whom Appellant nearly ran over with his car while attempting to evade arrest. At trial, over defense objection, the jury was instructed on the lesser included offense of aggravated assault on a law enforcement officer. The jury was also instructed on the lesser included offense of culpable negligence. Although aggravated assault on a law enforcement officer requires proof of the element of “putting in fear,” an element which was neither pled nor proven, the jury found Appellant guilty of aggravated assault on a law enforcement officer, and Appellant was sentenced to seven years’ imprisonment followed by five years’ probation.
On appeal, Appellant claimed entitlement to a new trial on the charge of culpable negligence. The State conceded that the evidence was insufficient to support a conviction for aggravated assault on a law enforcement officer and that this conviction had to be reversed. However, the State argued that a new trial was not necessary and that this Court should direct the trial court to enter a judgment and sentence for the lesser included offense of culpable negligence pursuant to section 924.34, Florida Statutes (2001). We reversed the Appellant’s conviction and remanded with directions to enter judgment for culpable negligence. See Carrin, 875 So.2d at 722. We also certified the following question as one of great pub- *606 lie importance: “Does the procedure prescribed in I.T. v. State [694 So.2d 720 (Fla.1997) ] deny defendants their federal constitutional rights to trial by jury and proof beyond a reasonable doubt?” Id. In accordance with the supreme court’s mandate, we now reconsider this case in light of State v. Sigler, 967 So.2d 835 (Fla.2007).
In Sigler, the supreme court examined whether section 924.34 violated a defendant’s right to trial by a jury. 967 So.2d at 837. The supreme court held that:
To the extent that section 924.34 can be read to provide for conviction of an offense whose elements have not been determined by the jury, it would be unconstitutional. Otherwise, when all of the elements of a lesser offense have been determined by the jury, section 924.34 is a valid exercise of the legislative prerogative allowing appellate courts to direct a judgment for such an offense.
Id. at 844.
Culpable negligence is a permissive lesser included offense of attempted second-degree murder of a law enforcement officer. See Fla. Std. Jury Instr. (Crim) 6.4. By definition, a permissive lesser included offense has at least one statutory element not included in the greater offense. Brumit v. State, 971 So.2d 205, 208 (Fla. 4th DCA 2007); Nurse v. State, 658 So.2d 1074,1077 (Fla. 3d DCA 1995)(“As to the second category, a permissive lesser included offense is, in the purest form, the same as a necessarily included offense except that it contains one or more statutory elements which the charged offense does not contain.”). Thus, the previous jury determination that Appellant was guilty of aggravated assault on a law enforcement officer cannot be deemed to include a finding that Appellant was guilty of every element of culpable negligence. Therefore, Appellant is entitled to a new trial on the charge of culpable negligence.
REVERSED AND REMANDED.
KAHN, DAVIS, and PADOVANO, JJ„ concur.